1 | MARK JOSEPH KENNEY (State Bar No. 87345)
mjk@severson.com
2 | JAN T. CHILTON (State Bar No. 47582)
jtc@severson.com
3 | JOSHUA E. WHITEHAIR (State Bar No. 244900)
jew@severson.com
4 | SEVERSON & WERSON
A Professional Corporation
5 | One Embarcadero Center, Suite 2600
San Francisco, CA  94111
6 | Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439
7 |
8 | Attorneys for Defendant
Bank of America, N.A.

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | CV 08 1219

12 | DAVID KECK, an individual,     Case No.: _____

13 | Plaintiff,     **NOTICE OF REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT**
**[28 U.S.C. §§1332(d), 1453(b)]**

14 | vs.

15 | BANK OF AMERICA, a Delaware
Corporation; CENTRAL STATES
16 | INDEMNITY CO. OF OMAHA, a Nebraska
Corporation; CSI PROCESSING, LLC, a
17 | Nebraska Company, and DOES 1 through 100,

18 | Defendants.

19 |

20 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21 | PLEASE TAKE NOTICE that, under the Class Action Fairness Act (28 U.S.C.

22 | §§1332(d), 1453(b)), defendant Bank of America, N.A. ("BofA"), sued as "Bank of America,"

23 | hereby removes to this Court the state court action described below:

24 | **The Removed Action**

25 | 1.     On January 23, 2008, plaintiff David Keck commenced this action, entitled, David

26 | Keck, an individual, plaintiff v. Bank of America, a Delaware Corporation; Central States

27 | Indemnity Co. of Omaha, a Nebraska Corporation; CSI Processing, LLC, a Nebraska Company,

28 | and DOES 1 through 100, defendants, No. CGC-08-471296 in the Superior Court of the State of

1  California for the City and County of San Francisco. Keck filed a first amended complaint in the

2  action on January 31, 2008.

3      2.    BofA first received a copy of the complaint in this action on February 4, 2008

4  when BofA's agent for service of process was served with a copy of the first amended complaint

5  and summons in the action.

6      3.    As required by 28 U.S.C. § 1446(a), BofA has attached as Exhibit A true and

7  correct copies of the complaint, the first amended complaint, the summonses on the original and

8  first amended complaints, the Notice to Plaintiff, the Civil Case Cover Sheet, and Keck's

9  declaration pursuant to Civil Code section 1780(c), which constitute all process, pleadings and

10  orders served on BofA in the action.

11  **Basis For Removal**

12      4.    This action is a civil class action of which this Court has original jurisdiction under

13  28 U.S.C. §1332(d) and is one which may be removed to this Court by BofA pursuant to

14  28 U.S.C. §§1441(a) and 1453(b).

15      5.    The action is a class action within the meaning of 28 U.S.C. §1332(d)(1)(B).

16  Paragraph 25 of the first amended complaint alleges that Keck "brings this action on behalf of the

17  Class of all California resident BOA [Bank of America] customers who were charged and paid

18  for debt protection product/service based on telephone solicitations by defendants, including, but

19  not limited to, the sub-class of such persons who were senior citizens at the time of the alleged

20  transaction." Paragraph 24 of the first amended complaint alleges that Keck seeks to represent

21  this class under California Code of Civil Procedure sections 382 and 384 and Civil Code section

22  1781 which are similar to Federal Rule of Civil Procedure 23 and allow one or more

23  representative persons sue on behalf of others as a class action.

24      6.    A member of the class is a citizen of a state different from that of defendant.

25          a.    BofA is informed and believes that Keck was, and still is, a citizen of the

26  State of California. Paragraph 1 of the first amended complaint alleges that Keck "is and

27  was at all relevant times a resident of the City and County of San Francisco."

28

-2-

b.    BofA is informed and believes that one or more other members of the alleged plaintiff class are citizens of the State of California.  Paragraph 25 of the first amended complaint defines the class as including California-resident BofA customers.

c.    BofA is a national banking association and a citizen of the State of North Carolina only as that is the location of its main office as specified in BofA's charter. 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006).

7.    The matter in controversy in this action exceeds the sum or value of $5 million, exclusive of interest and costs, when the claims of all class members are aggregated as provided in 28 U.S.C. §1332(d)(6).

a.    The complaint does not allege an aggregate amount in controversy or pray for the award of any stated total sum on behalf of the class.  The complaint does not allege that the aggregate amount in controversy is less than $5 million.

b.    Paragraph 41 of the first amended complaint alleges that Keck seeks an award of $5,000 in statutory damages for each similarly situated class member under California Penal Code section 637.2.  Paragraph E of the first amended complaint's prayer also seeks $1,000 in additional statutory damages for each class member under California Civil Code section 1780(a)(1).  Paragraph 26 of the first amended complaint alleges that Keck believes there are "tens of thousands" of members of the alleged class that he seeks to represent.  Considering only the statutory damages sought, the amount in controversy will exceed $5 million if there are only 834 class members.

c.    According to BofA's business records, there are more than 834 members of the class alleged in Keck's first amended complaint.  The business records show that during period from July 2006 through February 2008 more than 3,000 BofA customers in California were offered the debt protection service referenced in Keck's first amended complaint by a telemarketing solicitation and agreed to purchase the service, thereby incurring a charge for that service each month their accounts have a positive balance.

d.    In addition to statutory damages, Keck seeks restitution of all money BofA obtained for the debt protection service during the past four years, actual damages and

- 3 -

1    punitive damages, as well as attorney fees pursuant to statute. (1st Amended Compl.,

2    prayer, ¶¶B, D, F.)

3        8.        This notice of removal is timely under 28 U.S.C. §1446(b) because BofA has filed

4    it within 30 days of service of the summons and complaint on BofA.

5        9.        As required by 28 U.S.C. §1446(d), BofA will provide written notice of the

6    removal of this action to Keck, and to the San Francisco Superior Court.

7        WHEREFORE, BofA prays that this action be removed to this Court for final

8    determination.

9    DATED: February 29, 2008                SEVERSON & WERSON
                                             A Professional Corporation
10

11
                                             By: _____
12                                                      Jan T. Chilton

13                                           Attorneys for Defendant
                                             Bank of America, N.A.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

10597/0056/659460.1                                        Notice of Removal
                                                           Case No.:

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BANK OF AMERICA, a Delaware corporation;, CSI PROCESSING
LLC, a Nebraska company;, and and DOES 1 through 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID KECK, an individual,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* C&C-08-471296 |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN
FRANCISCO
400 McAllister Street, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peter Fredman (Bar # 189097)
Brayton Purcell LLP
222 Rush Landing Road, Novato, CA 94948

Phone No.: (415) 898-1555
Fax No.: (415) 898-1247

DATE: *(Fecha)* **JAN 2 3 2008**        Gordon Park-Li

Clerk, by _____ , Deputy
*(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412 20, 465

*LexisNexis® Automated California Judicial Council Forms*

[SEAL]

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Peter Fredman (State Bar # 189097)
Brayton Purcell LLP
222 Rush Landing Road, Novato, CA 94948
TELEPHONE NO. (415) 898-1555    FAX NO. (415) 898-1247
ATTORNEY FOR (Name): DAVID KECK, PLAINTIFF

FOR COURT USE ONLY

**FILED**
San Francisco County Superior Court
JAN 2 3 2008
GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

CASE NAME:
DAVID KECK v BANK OF AMERICA, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CGC-08-471296 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify): FIVE (5)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 22, 2008

Peter Fredman
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

**BRAYTON PURCELL LLP**
ALAN R. BRAYTON (Bar No. 73685)
PETER B. FREDMAN (Bar No. 189097)
CHARLOTTE E. SCOTT (Bar No. 225581)
222 Rush Landing Road
Novato, CA 94948-6169
Telephone: (415) 898-1555
Facsimile: (415) 898-1247
Email: pfredman@braytonlaw.com

Attorneys for Plaintiff
DAVID KECK and all persons similarly situated

SUMMONS ISSUED

**FILED**
San Francisco County Superior Court

JAN 2 3 2008

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

JUN 2 7 2008 -9:00 AM

DEPARTMENT 212

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

DAVID KECK, an individual,

Plaintiff,

vs.

BANK OF AMERICA, a Delaware corporation; CENTRAL STATES INDEMNITY CO. OF OMAHA, a Nebraska Corporation; CSI PROCESSING LLC, a Nebraska company; and DOES 1 through 100,

Defendants.

No. **CGC-08-471296**

**CLASS ACTION**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:
(1) UNFAIR COMPETITION (B&P CODE §§ 17200 ET SEQ)
(2) INVASION OF PRIVACY (PENAL CODE §§ 630 ET SEQ)
(3) CONSUMER LEGAL REMEDIES ACT (CIVIL CODE §§ 1750 ET SEQ)
(4) FINANCIAL ELDER ABUSE (W&I CODE §§ 15600 ET SEQ)
(5) UNJUST ENRICHMENT

1.      Plaintiff DAVID KECK, an individual, is and was at all relevant times a resident of the City and County of San Francisco.  His date of birth is December 25, 1938.

2.      Defendant BANK OF AMERICA CORPORATION (BOA) is a Delaware corporation doing business at all relevant in the City and County of San Francisco.

3.      Defendant CENTRAL STATES INDEMNITY CO. OF OMAHA (CSI), a Nebraska corporation, is and was  at all relevant times doing business in the City and County of San Francisco.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Page 1 of 12

4.      Defendant CSI PROCESSING, LLC (CSI), a Nebraska corporation, is and was at all relevant times doing business in the City and County of San Francisco.

5.      The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of defendants DOES 1 through 100 are unknown to plaintiff at this time. Plaintiff therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, plaintiff will amend this complaint accordingly. Plaintiff is informed and believes, and on that basis alleges, that each defendant designated herein, including each DOE, is responsible, willfully, negligently, or in some other actionable manner, for the events and happenings, and violations of California law, hereinafter alleged, and that they caused plaintiff.

6.      Plaintiffs allege on information and belief that at all times relevant hereto each of the defendants was the agent, servant, employee, joint-venturer, partner, successor-in-interest, and/or co-conspirator of each other defendant and was at all said times acting in the full course and scope of said agency, service, employment, joint venture, concert of action, partnership, successorship, or conspiracy.

7.      This Court has jurisdiction because this action alleges violations of California law suffered by California citizens in California.

8.      Venue is proper in this Court because the transaction that is the subject of this action occurred via telephone call to plaintiff's home in the City and County of San Francisco.

**FACTUAL ALLEGATIONS**

9.      Mr. KECK is an elderly gentlemen who has hearing difficulties and other limitations associated with old age and infirmity.

10.     As of the Summer of 2007, Mr. KECK was 68 years old and supported himself solely through his Social security benefits in the amount of approximately $1200 per month, which are and were at all relevant times directly deposited into his BOA checking account.

11.     As of the Summer of 2007, Mr. KECK was the guarantor of a BOA credit card account (the "subject account") on which he owed approximately $13,500, which he had borrowed for personal and household expenses. At all relevant times, Mr. KECK was making

---

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Page 2 of 12

1  regular, timely payments of principal and interest at a marginal APR of approximately 25%.

2      12.    Plaintiff alleges that, through its banking relationship with Mr. KECK, BOA

3  developed and maintained a substantial record of information about him, including demographic

4  information, for the purpose of profiting from the marketing and sale of goods and services to

5  him, directly or through partners, including CSI.

6      13.    In or about July of 2007, at his home in San Francisco, Mr. KECK began

7  receiving telemarketing calls from defendants. Defendants made an audio record of one call (the

8  "subject call") , which is transcribed as follows:

9      TELEMARKETER:  David Keck please.
       KECK:          Speaking.
10
       TELEMARKETER:  Mr. Keck good morning sir, my name (incomprehensible)
11                    sir. I'm calling on behalf of Bank of America regarding
                      your Bank of America business credit card sir that you have
12                    with us. Now Mr. Keck I just want to offer a new optional
                      service here today, t's called the business card security.
13                    Now if--
       KECK:          Someone called me about that yesterday.
14     TELEMARKETER:  --Okay, well sir just want to get the materials out to you
                      today sir for 30 days to review in the privacy of your own
15                    business. Is that okay?
       KECK:          Yes.
16
       TELEMARKETER:  Great sir, now in order to get that out to you today, Mr.
17                    Keck, I do have to start the enrollment process today, sir, but
                      you do have 30 days in order to make that decision. Is that
18                    okay?
       KECK:          Yes.
19
       TELEMARKETER:  Great. Now to complete your enrollment sir, with your
20                    permission, for quality assurance purposes, I'd like to tape
                      record the confirmation of your coverage and enrollment, is
21                    that okay?
       KECK:          Yes.
22
       TELEMARKETER:  Thank you... (incomprehensible) ...I am now taping your
23                    enrollment. I show your name as David Keck. Mr. Keck I
                      show you mailing address as 452 Duboce Avenue,
24                    Apartment number 210, is that correct?
       KECK:          Yes.
25
       TELEMARKETER:  Thank you. I'd also like to confirm I'm speaking with the
26                    guarantor of a business credit card with the Bank of
                      America, is that correct?
27     KECK:          Pardon me?

28

---

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Page 3 of 12

| | |
|---|---|
| TELEMARKETER: | I said I would also like to confirm I'm speaking with a guarantor of the business credit card with the Bank of America, is that correct? |
| KECK: | Yes, I have a - I have a credit card. |
| TELEMARKETER: | Are you the guarantor sir on that credit Bank of America business credit card? |
| KECK: | Yes. |
| | |
| TELEMARKETER: | Okay, thank you. Now to verify approval (sic) activate this feature for you, you understand this (sic) on a monthly fee of eighty five cents for one hundred dollars a month, your outstanding bill (sic) will be billed to your Bank of America business card account, I need to verify your city of birth sir. What city were you born in Mr. Keck? |
| KECK: | San Diego. |
| TELEMARKETER: | Okay........ Now, Mr. Keck I will process your enrollment.... |

14.     As a result of the subject call, starting on or about August 13, 2007, defendants began charging the subject account a monthly sum in payment for Mr. KECK's alleged purchase via the subject call of a debt protection insurance product and/or service designed to temporarily pay his minimum monthly payment due on the subject account under certain conditions, such as, for example, disability or involuntary unemployment. Plaintiff alleges on information and belief that Mr. KECK's status as a single, unemployed, senior citizen on Social Security rendered the potential benefits of said product and/or service of little, if any, value to him.

15.     As a result of the subject call, defendants charged, and Mr. KECK paid, the following amounts: $111.74 on or about August 13, 2007; $112.50 on or about September 13, 2007; and $110.34 on or about October 12, 2007.   As he was carrying a balance, Mr. KECK was also charged and paid, and continues to pay, interest on these amounts.

16.     On or shortly after October 12, 2007, Mr. KECK first noticed the unauthorized charges and, without understanding what they were, began making repeated requests that defendants cure. His efforts were hampered by each defendant's practice of referring him to the other defendant as the party responsible for the charge.  When Mr. KECK attempted to resolve the situation through BOA, he was told that he would have to "contact the vendor". CSI, in turn, represented that the charges constitute BOA fees, which, on information and belief, is also the current position of BOA.

---

17.    On or about November 12, 2007, defendants sent Mr. KECK a letter which provided access to the audio recording of the subject call and referenced said recording as "confirmation of his enrollment". The letter was on BOA letterhead but signed by CSI.

18.    Plaintiff alleges that the defendants conduct of the subject call and other similar calls were undertaken pursuant to standardized sales scripts and procedures, based on uniform telemarketer training programs, designed and propagated by defendants in order to generate sales of said debt protection good/service through acts and practices that constitute deceptive and abusive telemarketing.

19.    Title 15, Chapter 87 of the United States Code prohibits such deceptive and abusive telemarketing acts and practices. Defendants aforementioned telemarketing acts and practices, as exhibited in the subject call, violate this Chapter, including, the Chapter's

"[prohibition against any] pattern of unsolicited telephone calls which the reasonable consumer would consider coercive or abusive of such consumer's right to privacy"

15 U.S.C.A. § 6102(a)(3)(A)

"[and] requirement that any person engaged in telemarketing for the sale of goods or services shall promptly and clearly disclose to the person receiving the call that the purpose of the call is to sell goods or services and make such other disclosures ... including the nature and price of the goods and services"

15 U.S.C.A. § 6102(a)(3)(C)

20.    Plaintiff denies that he authorized any relevant charges to his account in connection with the subject call or otherwise, and alleges that the sales scripts and techniques employed by defendants, as exhibited in the subject call, are so inherently deceptive, abusive, and predatory that they cannot result in valid authorization of charges against customer credit accounts.

21.    Plaintiff alleges that he and persons similarly situated were targeted by defendants for telephone solicitations, including the subject call, based on his old age, and that such targeting occurred pursuant to a common pattern, practice, and scheme by defendants.

22.    Plaintiff alleges that he and persons similarly situated were targeted for repeated solicitations of the same offer based on his old age and indicia of related infirmity adduced in prior solicitations, and that such targeting was pursuant to a common pattern, practice, and

1  scheme by defendants.

2      23.    Plaintiff alleges on information and belief that defendants are intentionally obtuse
3  regarding the specific nature and particular supplier of said debt protection insurance product
4  and/or service; that they operate in this manner with the intent and effect of obfuscating potential
5  customer privacy and insurance regulation issues; and that they operate in this manner with the
6  intent and effect of profiting from impeding and delaying customer investigations and
7  cancellations of said charges.

8                              **CLASS ALLEGATIONS**

9      24.    Plaintiffs bring this action on behalf of himself and all other persons similarly
10  situated pursuant to the provisions of California Code of Civil Procedure sections 382 and 384
11  and Civil Code section 1781.

12      25.    Specifically, plaintiff brings this action on behalf of the Class of all California
13  resident BOA customers who were charged and paid for debt protection product/service based
14  on telephone solicitations by defendants, including, but not limited to, the sub-class of such
15  persons who were senior citizens at the time of the alleged transaction. Excluded from theses
16  Classes are defendants, defendants' predecessors, affiliates, officers, directors, and employees,
17  and all judges and justices assigned to hear any aspect of this litigation.

18      26.    The number of similarly situated plaintiffs favors utilization of the class action
19  mechanism in this case. Each proposed Class is believed to be composed of tens of thousands of
20  persons. Joinder of them in one action would be impractical. The simultaneous disposition of
21  all their claims through a class action will benefit both the parties and the Courts in terms of
22  judicial economy. It will also serve the interests of justice by avoiding the potential for
23  inconsistent adjudication of the predominating questions of law.

24      27.    The identities of all the class members and the amount and periods of the charges
25  involved are readily and precisely ascertainable through defendants' records.

26      28.    Common issues of fact and law predominate and a well defined community of
27  interest therein exists among the class members.

28      29.    Plaintiff is asserting claims that are typical of the claims of the Classes he seeks to

1  represent and is an adequate representatives of each Class because his interests are coincident
2  with the interests of the Class members.  Plaintiff can and will fairly and adequately represent
3  and protect the interests of the Class.  Plaintiff has retained counsel who are competent and
4  experienced in the prosecution of class litigation.

5      30.    A class action is superior to other available means for the fair and efficient
6  adjudication of these claims.  Because of the size of the individual class members' claims, and
7  the relative economic positions of the parties, few, if any, class members could afford to seek
8  legal redress for the wrongs complained of herein.  Absent a class action, the class members will
9  continue to suffer losses, the violations of law described herein will continue without remedy,
10  and defendants will be permitted to retain the illicit profits of their illegal conduct.

11  <u>**1ST CAUSE OF ACTION**</u>

12  **UNFAIR COMPETITION LAW (BUS. & PROF. CODE §§ 17200-17500 ET SEQ)**

13      31.    California Business & Professions Code §§ 17200 *et seq* (the Unfair Competition
14  Law - "UCL") defines unfair competition to include any unlawful, unfair, or fraudulent business
15  act or practice as well as any unfair, deceptive, untrue or misleading advertising as defined in
16  Business & Professions Code §§ 17500.

17      32.    Plaintiff alleges that defendants' aforementioned telemarketing acts and practices
18  violate the UCL.

19      33.    Plaintiff and the Class have suffered injury in fact and lost money as a result.

20      34    Defendants' wrongful conduct impacts the public interest because, on information
21  and belief,  it is a pattern of illegal and predatory conduct that has been repeated on thousands of
22  occasions and continues to this day.

23      35    Plaintiff, for himself and on behalf of others similarly situated, seeks to enjoin
24  defendants' conduct and obtain restitution of all funds obtained by defendants by reason of and
25  through the use of these practices.

26      36.    Plaintiff is entitled to an award of attorneys' fees, costs, and expenses pursuant to
27  Code Civil Procedure section 1021.5.

28      WHEREFORE, plaintiff prays for judgment and relief as set forth below.

---

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Page 7 of 12

1

## 2ND CAUSE OF ACTION

2

## INVASION OF PRIVACY (PENAL CODE §§ 630 ET SEQ)

3    37.    Paragraphs 1 through 30 are incorporated by reference as if fully set forth herein.

4    38.    The "Privacy Act is a coherent statutory scheme [that] protects against

5 intentional, nonconsensual recording of telephone conversations regardless of the content of the

6 conversation." *Flanagan v. Flanagan* (2002) 27 Cal.4th 766, 776; Penal Code § 632.

7    39.    Defendants violated and continue to violate the Privacy Act by engaging in a

8 practice of covertly recording their telemarketing calls without first notifying or obtaining

9 consent of the party being solicited, and making intentionally misleading statements to the

10 contrary, as set forth above in the transcript above.

11    40.    Plaintiff alleges on behalf of himself and persons similarly situated that the

12 practice of recording these telemarketing calls without seeking the consent of the recipient is

13 standardized and common to all such calls.

14    41.    Pursuant to Penal Code section 637.2 plaintiff and all persons similarly situated

15 are entitled to statutory damages of $5000 per violation and defendants must be enjoined and

16 restrained from engaging in such conduct.

17    WHEREFORE, plaintiff prays for judgment and relief as set forth below.

18    ## 3RD CAUSE OF ACTION

19    ## CONSUMER LEGAL REMEDIES ACT (CIVIL CODE §§ 1750 ET SEQ)

20    42.    Paragraphs 1 through 41 are incorporated by reference as if fully set forth herein.

21    43.    Plaintiff alleges that the aforementioned credit card debt protection insurance

22 product and/or service constitutes a good and/or service covered by California's Consumer Legal

23 Remedies Act (the "CLRA" – Cal. Civil Code §§1750 et seq).

24    44.    Plaintiff alleges that defendants' aforementioned conduct constitutes past and

25 ongoing violations of the following sub-sections of the CLRA:

26        a.    Civil Code § 1770(a)(2). Misrepresenting the source, sponsorship,

27            approval, or certification of goods or services.

28        b.    Civil Code § 1770(a)(3). Misrepresenting the affiliation, connection, or

---

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    association with, or certification by, another.

2    c.    Civil Code § 1770(a)(5). Representing that goods or services have

3    sponsorship, approval, characteristics, ingredients, uses, benefits, or

4    quantities which they do not have or that a person has a sponsorship,

5    approval, status, affiliation, or connection which he or she does not have.

6    d.    Civil Code § 1770(a)(7). Representing that goods or services are of a

7    particular standard, quality, or grade, or that goods are of a particular style

8    or model, if they are of another.

9    e.    Civil Code § 1770(a)(13). Making false or misleading statements of fact

10    concerning reasons for, existence of, or amounts of price reductions.

11    f.    Civil Code § 1770(a)(14). Representing that a transaction confers or

12    involves rights, remedies, or obligations which it does not have or involve,

13    or which are prohibited by law.

14    g.    Civil Code § 1770(a)(18). Inserting an unconscionable provision in the

15    contract.

16    45.    Plaintiff has provided defendants with notice of its violations and requested a

17    cure. Defendants have failed to remedy its violations.

18    46.    In doing the things alleged above, defendants have violated and, unless enjoined,

19    will continue to violate the CLRA as alleged in the notice.

20    47.    As a proximate result of the CLRA violations, plaintiff and the class have been

21    damaged in an amount to be proven at trial.

22    48.    Plaintiff is entitled to an award of attorneys' fees, costs and expenses pursuant to

23    Civil Code §1780(d).

24    49.    Defendants' conduct was intentional, outrageous, malicious, fraudulent,

25    oppressive, and despicable; was carried out with a willful and conscious disregard of the rights

26    plaintiff s and the plaintiff class; and was carried out, authorized, and ratified by officers,

27    directors, and managing agents of defendants, thus entitling plaintiff and the plaintiff class to

28    punitive damages to punish and make an example of defendants and dissuade them and others

---

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Page 9 of 12

1    from engaging in such practices in the future.

2    WHEREFORE, plaintiff prays for judgment and relief as set forth below.

3    ## 4TH CAUSE OF ACTION

4    ## FINANCIAL ELDER ABUSE  (WELF. & INST. CODE §§ 15600 ET SEQ)

5    50.    Paragraphs 1 through 30 are incorporated by reference as if fully set forth herein

6    51.    Plaintiff is and was at the time of the subject call an "elder" as that term is

7    defined in the Elder Abuse and Dependent Adult Civil Protection Act, commencing at California

8    Welfare & Institutions Code section 15600 (the "Elder Abuse Act").

9    52.    Plaintiff alleges on behalf of similarly situated senior citizens that, in doing the

10    things  alleged herein, defendants wrongfully appropriated and retained their property with the

11    intent to defraud, and/or assisted in doing the same, and thereby committed financial elder abuse,

12    as that term is defined in section 15610.30 of the Elder Abuse Act and related case law.

13    53.    Defendants' conduct was intentional, outrageous, malicious, fraudulent,

14    oppressive, and despicable; was carried out with a willful and conscious disregard of the rights

15    plaintiff s and the plaintiff class; and was carried out, authorized, and ratified by officers,

16    directors, and managing agents of defendants, thus entitling plaintiff and the plaintiff class to

17    punitive damages to punish and make an example of defendants and dissuade them and others

18    from engaging in such practices in the future.

19    54.    Plaintiff is entitled to attorneys fees and costs pursuant to section 15657.5 of the

20    Elder Abuse Act.

21    WHEREFORE, plaintiff prays for judgment as set forth below.

22    ## 5TH CAUSE OF ACTION

23    ## UNJUST ENRICHMENT

24    55.    Paragraphs 1 through 30 are incorporated by reference herein.

25    56.    Defendants unjustly received and retained benefits at the expense of plaintiff and

26    persons similarly situated, who are, therefore, entitled to restitution.

27    57.    Defendants' conduct was intentional, outrageous, malicious, fraudulent,

28    oppressive, and despicable; was carried out with a willful and conscious disregard of the rights

---

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 plaintiff's and the plaintiff class; and was carried out, authorized, and ratified by officers,

2 directors, and managing agents of defendants, thus entitling plaintiff and the plaintiff class to

3 punitive damages to punish and make an example of defendants and dissuade them and others

4 from engaging in such practices in the future.

5      WHEREFORE, plaintiff prays for judgment and relief as set forth below.

6                    **PRAYER FOR RELIEF**

7      Plaintiff prays for relief and a judgment against defendants, as follows:

8        A.     An order certifying the Plaintiff Class, appointing plaintiff DAVID KECK as

9 representative of the Class, and appointing the law firm representing plaintiff as counsel for the

10 Class;

11        B.     Restitution of all monies acquired by defendants during the last four years as a

12 result of its unlawful practices described above;

13        C.     Imposition of a constructive trust upon all assets defendants have acquired from

14 the Class as a result of their unlawful practices described above (Civil Code § 2224);

15        D.     Economic damages according to proof;

16        E.     Statutory damages of $1000 under the CLRA (Civil Code § 1780(a)(1)) and

17 $5000 per privacy violation (Penal Code § 637.2);

18        F.     The issuance of injunctive orders enjoining defendants from engaging in the

19 unlawful practices described above.

20        G.     Payment of costs of suit herein incurred;

21        H.     Pre- and post-judgment interest on amounts awarded;

22        I.     Attorneys' fees, costs and expenses pursuant to Code of Civil Procedure § 1021.5,

23 the CLRA, the Elder Abuse Act, and any other applicable authority; and

24        J.     For such other and further relief as the Court may deem proper.

25 ///

26 ///

27 ///

28 ///

---

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

2

3    Dated: January 22, 2008            BRAYTON PURCELL LLP

4

5                                       By: _____
                                            Peter B. Fredman
6                                           Attorneys for Plaintiff

7

8                          **DEMAND FOR JURY TRIAL**

9        Plaintiff hereby demands a trial by jury on all claims so triable.

10

11

12   Dated: January 22, 2008            BRAYTON PURCELL LLP

13

14                                      By: _____
                                            Peter B. Fredman
15                                          Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Page 12 of 12

CASE NUMBER: CG   8-471296 DAVID KECK VS. BANK    AMERICA, A DELAWARE CORP

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:    JUN-27-2008

TIME:    9:00AM

PLACE:   **Department 212**
         **400 McAllister Street**
         **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110
no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order
**without an appearance** at the case management conference if the case management
statement is filed, served and lodged in Department 212
twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL
CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-
JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR
SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION
PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the
place of filing a written response to the complaint. You must file a written
response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

To Peter
Fredman

1  **BRAYTON PURCELL LLP**
   ALAN R. BRAYTON (Bar No. 73685)
2  PETER B. FREDMAN (Bar No. 189097)
   CHARLOTTE E. SCOTT (Bar No. 225581)
3  222 Rush Landing Road
   Novato, CA 94948-6169
4  Telephone: (415) 898-1555
   Facsimile: (415) 898-1247
5  Email: pfredman@braytonlaw.com

6  Attorneys for Plaintiff
   DAVID KECK and all persons similarly situated
7

8

9              **SUPERIOR COURT OF CALIFORNIA**

10                **COUNTY OF SAN FRANCISCO**

11 DAVID KECK, an individual,              No. 471256

12              Plaintiff,                   DECLARATION OF PLAINTIFF DAVID
                                             KECK REGARDING PROPER VENUE
13 vs.                                       PURSUANT TO CIVIL CODE SECTION
                                             1780(C)
14 BANK OF AMERICA, a Delaware
   corporation; CENTRAL STATES
15 INDEMNITY CO. OF OMAHA, a Nebraska
   Corporation; CSI PROCESSING LLC, a
16 Nebraska company; and DOES 1 through 100,         RECEIVED BY FAX

17              Defendants.

18

19         I, Plaintiff DAVID KECK, declare under the penalty of perjury of the Laws of the State

20 of California that I do my banking at Bank of America branch locations in San Francisco,

21 California and that the telephone solicitation that is the subject of this lawsuit was received by

22 me on my home telephone at my home in San Francisco, California.

23

24     DATE: January 22, 2008

25

26                                          DAVID KECK

27

28

         DECLARATION OF PLAINTIFF DAVID KECK
   REGARDING PROPER VENUE PURSUANT TO CIVIL CODE SECTION 1780(C)

                        Page 1 of 1

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

JAN 2 4 2008

GORDON PARK-LI, Clerk
BY: _____ MICHAEL RAYRAY
                Deputy Clerk

BRAYTON♦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
415-898-1555

**SUM-100**

## AMENDED **SUMMONS**
### *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
BANK OF AMERICA, a Delaware corporation; CENTRAL STATES
INDEMNITY CO. OF OMAHA, a Nebraska Corporation; CSI
PROCESSING LLC, a Nebraska company; and DOES 1 through 100,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
DAVID KECK, an individual,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO despues de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN
FRANCISCO
400 McAllister Street, San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*
CGC 38-471296

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peter Fredman (Bar # 189097)
Brayton Purcell LLP
222 Rush Landing Road, Novato, CA 94948

Phone No.: (415) 898-1555
Fax No.: (415) 898-1247

DATE: JAN 2 9 2008
*(Fecha)*
GORDON PARK-LI
Clerk, by WESLEY RAMIREZ , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Bank of America, a Delaware corporation

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 2-8-58  1:30 PM

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

1   BRAYTON PURCELL LLP
    ALAN R. BRAYTON (Bar No. 73685)
2   PETER B. FREDMAN (Bar No. 189097)
    CHARLOTTE E. SCOTT (Bar No. 225581)
3   222 Rush Landing Road
    Novato, CA 94948-6169
4   Telephone: (415) 898-1555
    Facsimile: (415) 898-1247
5   Email: pfredman@braytonlaw.com

6   Attorneys for Plaintiff
    DAVID KECK and all persons similarly situated
7

8

9                    SUPERIOR COURT OF CALIFORNIA

10                     COUNTY OF SAN FRANCISCO

11  DAVID KECK, an individual,        )   No. CGC-38-471296
                                      )
12              Plaintiff,            )   CLASS ACTION
                                      )
13  vs.                               )   FIRST AMENDED COMPLAINT FOR
                                      )   DAMAGES AND INJUNCTIVE RELIEF
14                                    )   FOR:
    BANK OF AMERICA, a Delaware       )   (1) UNFAIR COMPETITION (B&P CODE
15  corporation; CENTRAL STATES       )   §§ 17200 ET SEQ)
    INDEMNITY CO. OF OMAHA, a Nebraska)   (2) INVASION OF PRIVACY (PENAL
16  Corporation; CSI PROCESSING LLC, a)   CODE §§ 630 ET SEQ)
    Nebraska company; and DOES 1 through 100, )  (3) CONSUMER LEGAL REMEDIES ACT
17                                    )   (CIVIL CODE §§ 1750 ET SEQ)
                Defendants.           )   (4) FINANCIAL ELDER ABUSE (W&I
18  _____  )   CODE §§ 15600 ET SEQ)
                                          (5) UNJUST ENRICHMENT
19

20                                        – JURY TRIAL DEMANDED –

21

22       1.     Plaintiff DAVID KECK, an individual, is and was at all relevant times a resident

23  of the City and County of San Francisco.  His date of birth is December 25, 1938.

24       2.     Defendant BANK OF AMERICA CORPORATION (BOA) is a Delaware

25  corporation doing business at all relevant in the City and County of San Francisco.

26       3.     Defendant CENTRAL STATES INDEMNITY CO. OF OMAHA (CSI), a

27  Nebraska corporation, is and was  at all relevant times doing business in the City and County of

28  San Francisco.

_____

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Page 1 of 12

F I L E D
Superior Court of California
County of San Francisco

JAN 31 2008

GORDON PARK-LI, Clerk
BY: _____
              Deputy Clerk

BRAYTON♦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
415-898-1555

4.     Defendant CSI PROCESSING, LLC (CSI), a Nebraska corporation, is and was at all relevant times doing business in the City and County of San Francisco.

5.     The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of defendants DOES 1 through 100 are unknown to plaintiff at this time. Plaintiff therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, plaintiff will amend this complaint accordingly. Plaintiff is informed and believes, and on that basis alleges, that each defendant designated herein, including each DOE, is responsible, willfully, negligently, or in some other actionable manner, for the events and happenings, and violations of California law, hereinafter alleged, and that they caused plaintiff and the plaintiff Classes harm thereby.

6.     Plaintiffs allege on information and belief that at all times relevant hereto each of the defendants was the agent, servant, employee, joint-venturer, partner, successor-in-interest, and/or co-conspirator of each other defendant and was at all said times acting in the full course and scope of said agency, service, employment, joint venture, concert of action, partnership, successorship, or conspiracy.

7.     This Court has jurisdiction because this action alleges violations of California law suffered by California citizens in California.

8.     Venue is proper in this Court because the transaction that is the subject of this action occurred via telephone call to plaintiff's home in the City and County of San Francisco.

## FACTUAL ALLEGATIONS

9.     Mr. KECK is an elderly gentlemen who has hearing difficulties and other limitations associated with old age and infirmity.

10.     As of the Summer of 2007, Mr. KECK was 68 years old and supported himself solely through his Social security benefits in the amount of approximately $1200 per month, which are and were at all relevant times directly deposited into his BOA checking account.

11.     As of the Summer of 2007, Mr. KECK was the guarantor of a BOA credit card account (the "subject account") on which he owed approximately $13,500, which he had borrowed for personal and household expenses. At all relevant times, Mr. KECK was making

1    regular, timely payments of principal and interest at a marginal APR of approximately 25%.

2        12.    Plaintiff alleges that, through its banking relationship with Mr. KECK, BOA

3    developed and maintained a substantial record of information about him, including demographic

4    information, for the purpose of profiting from the marketing and sale of goods and services to

5    him, directly or through partners, including CSI.

6        13.    In or about July of 2007, at his home in San Francisco, Mr. KECK began

7    receiving telemarketing calls from defendants. Defendants made an audio record of one call (the

8    "subject call"), which is transcribed as follows:

9    TELEMARKETER:    David Keck please.
     KECK:            Speaking.

10   TELEMARKETER:    Mr. Keck good morning sir, my name (incomprehensible)
11                    sir. I'm calling on behalf of Bank of America regarding
                      your Bank of America business credit card sir that you have
12                    with us. Now Mr. Keck I just want to offer a new optional
                      service here today, t's called the business card security.
13                    Now if—
     KECK:            Someone called me about that yesterday.
14   TELEMARKETER:    —Okay, well sir just want to get the materials out to you
                      today sir for 30 days to review in the privacy of your own
15                    business. Is that okay?
     KECK:            Yes.
16   TELEMARKETER:    Great sir, now in order to get that out to you today, Mr.
17                    Keck, I do have to start the enrollment process today, sir, but
                      you do have 30 days in order to make that decision. Is that
18                    okay?
     KECK:            Yes.
19   TELEMARKETER:    Great. Now to complete your enrollment sir, with your
20                    permission, for quality assurance purposes, I'd like to tape
                      record the confirmation of your coverage and enrollment, is
21                    that okay?
     KECK:            Yes.
22   TELEMARKETER:    Thank you... (incomprehensible) ...I am now taping your
23                    enrollment. I show your name as David Keck. Mr. Keck I
                      show you mailing address as 452 Duboce Avenue,
24                    Apartment number 210, is that correct?
     KECK:            Yes.
25   TELEMARKETER:    Thank you. I'd also like to confirm I'm speaking with the
26                    guarantor of a business credit card with the Bank of
                      America, is that correct?
27   KECK:            Pardon me?

28

---

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Page 3 of 12

| TELEMARKETER: | I said I would also like to confirm I'm speaking with a guarantor of the business credit card with the Bank of America, is that correct? |
| KECK: | Yes, I have a - I have a credit card. |
| TELEMARKETER: | Are you the guarantor sir on that credit Bank of America business credit card? |
| KECK: | Yes. |
| TELEMARKETER: | Okay, thank you. Now to verify approval (sic) activate this feature for you, you understand this (sic) on a monthly fee of eighty five cents for one hundred dollars a month, your outstanding bill (sic) will be billed to your Bank of America business card account, I need to verify your city of birth sir. What city were you born in Mr. Keck? |
| KECK: | San Diego. |
| TELEMARKETER: | Okay........ Now, Mr. Keck I will process your enrollment.... |

14.     As a result of the subject call, starting on or about August 13, 2007, defendants began charging the subject account a monthly sum in payment for Mr. KECK's alleged purchase via the subject call of a debt protection insurance product and/or service designed to temporarily pay his minimum monthly payment due on the subject account under certain conditions, such as, for example, disability or involuntary unemployment. Plaintiff alleges on information and belief that Mr. KECK's status as a single, unemployed, senior citizen on Social Security rendered the potential benefits of said product and/or service of little, if any, value to him.

15.     As a result of the subject call, defendants charged, and Mr. KECK paid, the following amounts: $111.74 on or about August 13, 2007; $112.50 on or about September 13, 2007; and $110.34 on or about October 12, 2007.   As he was carrying a balance, Mr. KECK was also charged and paid, and continues to pay, interest on these amounts.

16.     On or shortly after October 12, 2007, Mr. KECK first noticed the unauthorized charges and, without understanding what they were, began making repeated requests that defendants cure.  His efforts were hampered by each defendant's practice of referring him to the other defendant as the party responsible for the charge.  When Mr. KECK attempted to resolve the situation through BOA, he was told that he would have to "contact the vendor".  CSI, in turn, represented that the charges constitute BOA fees, which, on information and belief, is also the current position of BOA.

17.    On or about November 12, 2007, defendants sent Mr. KECK a letter which provided access to the audio recording of the subject call and referenced said recording as "confirmation of his enrollment". The letter was on BOA letterhead but signed by CSI.

18.    Plaintiff alleges that the defendants conduct of the subject call and other similar calls were undertaken pursuant to standardized sales scripts and procedures, based on uniform telemarketer training programs, designed and propagated by defendants in order to generate sales of said debt protection good/service through acts and practices that constitute deceptive and abusive telemarketing.

19.    Title 15, Chapter 87 of the United States Code prohibits such deceptive and abusive telemarketing acts and practices. Defendants aforementioned telemarketing acts and practices, as exhibited in the subject call, violate this Chapter, including, the Chapter's

"[prohibition against any] pattern of unsolicited telephone calls which the reasonable consumer would consider coercive or abusive of such consumer's right to privacy"

15 U.S.C.A. § 6102(a)(3)(A)

"[and] requirement that any person engaged in telemarketing for the sale of goods or services shall promptly and clearly disclose to the person receiving the call that the purpose of the call is to sell goods or services and make such other disclosures ... including the nature and price of the goods and services"

15 U.S.C.A. § 6102(a)(3)(C)

20.    Plaintiff denies that he authorized any relevant charges to his account in connection with the subject call or otherwise, and alleges that the sales scripts and techniques employed by defendants, as exhibited in the subject call, are so inherently deceptive, abusive, and predatory that they cannot result in valid authorization of charges against customer credit accounts.

21.    Plaintiff alleges that he and persons similarly situated were targeted by defendants for telephone solicitations, including the subject call, based on his old age, and that such targeting occurred pursuant to a common pattern, practice, and scheme by defendants.

22.    Plaintiff alleges that he and persons similarly situated were targeted for repeated solicitations of the same offer based on his old age and indicia of related infirmity adduced in prior solicitations, and that such targeting was pursuant to a common pattern, practice, and

1  scheme by defendants.

2      23.    Plaintiff alleges on information and belief that defendants are intentionally obtuse

3  regarding the specific nature and particular supplier of said debt protection insurance product

4  and/or service; that they operate in this manner with the intent and effect of obfuscating potential

5  customer privacy and insurance regulation issues; and that they operate in this manner with the

6  intent and effect of profiting from impeding and delaying  customer investigations and

7  cancellations of said charges.

## CLASS ALLEGATIONS

9      24.    Plaintiffs bring this action on behalf of himself and all other persons similarly

10  situated pursuant to the provisions of California Code of Civil Procedure sections 382 and 384

11  and Civil Code section 1781.

12      25.    Specifically, plaintiff brings this action on behalf of the Class of all California

13  resident BOA customers who were charged and paid for debt protection product/service based

14  on telephone solicitations by defendants, including, but not limited to, the sub-class of such

15  persons who were senior citizens at the time of the alleged transaction.  Excluded from theses

16  Classes are defendants, defendants' predecessors, affiliates, officers, directors, and employees,

17  and all judges and justices assigned to hear any aspect of this litigation.

18      26.    The number of similarly situated plaintiffs favors utilization of the class action

19  mechanism in this case.  Each proposed Class is believed to be composed of tens of thousands of

20  persons.  Joinder of them in one action would be impractical.  The simultaneous disposition of

21  all their claims through a class action will benefit both the parties and the Courts in terms of

22  judicial economy.  It will also serve the interests of justice by avoiding the potential for

23  inconsistent adjudication of the predominating questions of law.

24      27.    The identities of all the class members and the amount and periods of the charges

25  involved are readily and precisely ascertainable through defendants' records.

26      28.    Common issues of fact and law predominate and a well defined community of

27  interest therein exists among the class members.

28      29.    Plaintiff is asserting claims that are typical of the claims of the Classes he seeks to

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  represent and is an adequate representatives of each Class because his interests are coincident

2  with the interests of the Class members. Plaintiff can and will fairly and adequately represent

3  and protect the interests of the Class. Plaintiff has retained counsel who are competent and

4  experienced in the prosecution of class litigation.

5       30.    A class action is superior to other available means for the fair and efficient

6  adjudication of these claims. Because of the size of the individual class members' claims, and

7  the relative economic positions of the parties, few, if any, class members could afford to seek

8  legal redress for the wrongs complained of herein. Absent a class action, the class members will

9  continue to suffer losses, the violations of law described herein will continue without remedy,

10  and defendants will be permitted to retain the illicit profits of their illegal conduct.

11  **1ST CAUSE OF ACTION**

12  **UNFAIR COMPETITION LAW (BUS. & PROF. CODE §§ 17200-17500 ET SEQ)**

13       31.    California Business & Professions Code §§ 17200 *et seq* (the Unfair Competition

14  Law - "UCL") defines unfair competition to include any unlawful, unfair, or fraudulent business

15  act or practice as well as any unfair, deceptive, untrue or misleading advertising as defined in

16  Business & Professions Code §§ 17500.

17       32.    Plaintiff alleges that defendants' aforementioned telemarketing acts and practices

18  violate the UCL.

19       33.    Plaintiff and the Class have suffered injury in fact and lost money as a result.

20       34.    Defendants' wrongful conduct impacts the public interest because, on information

21  and belief, it is a pattern of illegal and predatory conduct that has been repeated on thousands of

22  occasions and continues to this day.

23       35.    Plaintiff, for himself and on behalf of others similarly situated, seeks to enjoin

24  defendants' conduct and obtain restitution of all funds obtained by defendants by reason of and

25  through the use of these practices.

26       36.    Plaintiff is entitled to an award of attorneys' fees, costs, and expenses pursuant to

27  Code Civil Procedure section 1021.5.

28      WHEREFORE, plaintiff prays for judgment and relief as set forth below.

---

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## 2ND CAUSE OF ACTION

## INVASION OF PRIVACY (PENAL CODE §§ 630 ET SEQ)

37.    Paragraphs 1 through 30 are incorporated by reference as if fully set forth herein.

38.    The "Privacy Act is a coherent statutory scheme [that] protects against intentional, nonconsensual recording of telephone conversations regardless of the content of the conversation." *Flanagan v. Flanagan* (2002) 27 Cal.4th 766, 776; Penal Code § 632.

39.    Defendants violated and continue to violate the Privacy Act by engaging in a practice of covertly recording their telemarketing calls without first notifying or obtaining consent of the party being solicited, and making intentionally misleading statements to the contrary, as set forth above in the transcript above.

40.    Plaintiff alleges on behalf of himself and persons similarly situated that the practice of recording these telemarketing calls without seeking the consent of the recipient is standardized and common to all such calls.

41.    Pursuant to Penal Code section 637.2 plaintiff and all persons similarly situated are entitled to statutory damages of $5000 per violation and defendants must be enjoined and restrained from engaging in such conduct.

WHEREFORE, plaintiff prays for judgment and relief as set forth below.

## 3RD CAUSE OF ACTION

## CONSUMER LEGAL REMEDIES ACT (CIVIL CODE §§ 1750 ET SEQ)

42.    Paragraphs 1 through 41 are incorporated by reference as if fully set forth herein.

43.    Plaintiff alleges that the aforementioned credit card debt protection insurance product and/or service constitutes a good and/or service covered by California's Consumer Legal Remedies Act (the "CLRA" – Cal. Civil Code §§1750 et seq).

44.    Plaintiff alleges that defendants' aforementioned conduct constitutes past and ongoing violations of the following sub-sections of the CLRA:

a.    Civil Code § 1770(a)(2). Misrepresenting the source, sponsorship, approval, or certification of goods or services.

b.    Civil Code § 1770(a)(3). Misrepresenting the affiliation, connection, or

---

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

association with, or certification by, another.

    c.    Civil Code § 1770(a)(5). Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.

    d.    Civil Code § 1770(a)(7). Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

    e.    Civil Code § 1770(a)(13). Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.

    f.    Civil Code § 1770(a)(14). Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

    g.    Civil Code § 1770(a)(18). Inserting an unconscionable provision in the contract.

45.    Plaintiff has provided defendants with notice of its violations and requested a cure. Defendants have failed to remedy its violations.

46.    In doing the things alleged above, defendants have violated and, unless enjoined, will continue to violate the CLRA as alleged in the notice.

47.    As a proximate result of the CLRA violations, plaintiff and the class have been damaged in an amount to be proven at trial.

48.    Plaintiff is entitled to an award of attorneys' fees, costs and expenses pursuant to Civil Code §1780(d).

49.    Defendants' conduct was intentional, outrageous, malicious, fraudulent, oppressive, and despicable; was carried out with a willful and conscious disregard of the rights plaintiff's and the plaintiff class; and was carried out, authorized, and ratified by officers, directors, and managing agents of defendants, thus entitling plaintiff and the plaintiff class to punitive damages to punish and make an example of defendants and dissuade them and others

---

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    from engaging in such practices in the future.

2        WHEREFORE, plaintiff prays for judgment and relief as set forth below.

3                            ### 4TH CAUSE OF ACTION

4        ### FINANCIAL ELDER ABUSE (WELF. & INST. CODE §§ 15600 ET SEQ)

5        50.    Paragraphs 1 through 30 are incorporated by reference as if fully set forth herein

6        51.    Plaintiff is and was at the time of the subject call an "elder" as that term is

7    defined in the Elder Abuse and Dependent Adult Civil Protection Act, commencing at California

8    Welfare & Institutions Code section 15600 (the "Elder Abuse Act").

9        52.    Plaintiff alleges on behalf of similarly situated senior citizens that, in doing the

10   things alleged herein, defendants wrongfully appropriated and retained their property with the

11   intent to defraud, and/or assisted in doing the same, and thereby committed financial elder abuse,

12   as that term is defined in section 15610.30 of the Elder Abuse Act and related case law.

13       53.    Defendants' conduct was intentional, outrageous, malicious, fraudulent,

14   oppressive, and despicable; was carried out with a willful and conscious disregard of the rights

15   plaintiffs and the plaintiff class; and was carried out, authorized, and ratified by officers,

16   directors, and managing agents of defendants, thus entitling plaintiff and the plaintiff class to

17   punitive damages to punish and make an example of defendants and dissuade them and others

18   from engaging in such practices in the future.

19       54.    Plaintiff is entitled to attorneys fees and costs pursuant to section 15657.5 of the

20   Elder Abuse Act.

21       WHEREFORE, plaintiff prays for judgment as set forth below.

22                            ### 5TH CAUSE OF ACTION

23                            ### UNJUST ENRICHMENT

24       55.    Paragraphs 1 through 30 are incorporated by reference herein.

25       56.    Defendants unjustly received and retained benefits at the expense of plaintiff and

26   persons similarly situated, who are, therefore, entitled to restitution.

27       57.    Defendants' conduct was intentional, outrageous, malicious, fraudulent,

28   oppressive, and despicable; was carried out with a willful and conscious disregard of the rights

---

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Page 10 of 12

1  plaintiffs and the plaintiff class; and was carried out, authorized, and ratified by officers,

2  directors, and managing agents of defendants, thus entitling plaintiff and the plaintiff class to

3  punitive damages to punish and make an example of defendants and dissuade them and others

4  from engaging in such practices in the future.

5          WHEREFORE, plaintiff prays for judgment and relief as set forth below.

6                              **PRAYER FOR RELIEF**

7          Plaintiff prays for relief and a judgment against defendants, as follows:

8          A.      An order certifying the Plaintiff Class, appointing plaintiff DAVID KECK as

9  representative of the Class, and appointing the law firm representing plaintiff as counsel for the

10 Class;

11         B.      Restitution of all monies acquired by defendants during the last four years as a

12 result of its unlawful practices described above;

13         C.      Imposition of a constructive trust upon all assets defendants have acquired from

14 the Class as a result of their unlawful practices described above (Civil Code § 2224);

15         D.      Economic damages according to proof;

16         E.      Statutory damages of $1000 under the CLRA (Civil Code § 1780(a)(1)) and

17 $5000 per privacy violation  (Penal Code § 637.2);

18         F.      Punitive damages according to proof;

19         G.      The issuance of injunctive orders enjoining defendants from engaging in the

20 unlawful practices described above.

21         H.      Payment of costs of suit herein incurred;

22         I.      Pre- and post-judgment interest on amounts awarded;

23         J.      Attorneys' fees, costs and expenses pursuant to Code of Civil Procedure § 1021.5,

24 the CLRA, the Elder Abuse Act, and any other applicable authority; and

25         K.      For such other and further relief as the Court may deem proper.

26 ///

27 ///

28 ///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Page 11 of 12

1
2    Dated: January 30, 2008          BRAYTON PURCELL LLP
3
4                                     By:_____
5                                          Peter B. Fredman
                                          Attorneys for Plaintiff
6
7
8                        DEMAND FOR JURY TRIAL
9          Plaintiff hereby demands a trial by jury on all claims so triable.
10
11   Dated: January 30, 2008          BRAYTON PURCELL LLP
12
13                                    By:_____
14                                         Peter B. Fredman
                                          Attorneys for Plaintiff
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Page 12 of 12

## Superior Court of California, County of San Francisco

Case Number: CGC-08-471296
Title: DAVID KECK VS. BANK OF AMERICA, A DELAWARE CORPORATION et al
Cause of Action: BUSINESS TORT
Generated: Feb-29-2008 8:46 am PST

Register of Actions    Parties    Attorneys    Calendar    Payments    Documents

# Register of Actions

Date Range: First Date  Jan-23-2008    Last Date  Feb-29-2008    (Dates must be entered as MMM-DD-YYYY)

Descending Date Sequence          ALL FILING TYPES          [ Submit ]

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| JAN-31-2008 | 1ST AMENDED COMPLAINT FILED BY PLAINTIFF KECK, DAVID AS TO DEFENDANT BANK OF AMERICA, A DELAWARE CORPORATION CENTRAL STATES INDEMNITY CO. OF OMAHA A NEBRASKA CORPORATION CSI PROCESSING LLC, A NEBRASKA CORPORATION DOES 1 THRU 100 | View | |
| JAN-29-2008 | SUMMONS ISSUED (FIRST AMENDED COMPLAINT) TO PLAINTIFF KECK, DAVID | | |
| JAN-24-2008 | DECLARATION OF PLTF DAVID KECK REGARDING PROPER VENUE PURSUANT TO CIVL CODE SECTION 1780(C) FILED BY PLAINTIFF KECK, DAVID | | |
| JAN-23-2008 | NOTICE TO PLAINTIFF | View | |
| JAN-23-2008 | BUSINESS TORT, COMPLAINT FILED BY PLAINTIFF KECK, DAVID AS TO DEFENDANT BANK OF AMERICA, A DELAWARE CORPORATION CENTRAL STATES INDEMNITY CO. OF OMAHA A NEBRASKA CORPORATION CSI PROCESSING LLC, A NEBRASKA CORPORATION DOES 1 THRU 100 SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR JUN-27-2008 PROOF OF SERVICE DUE ON MAR-24-2008 CASE MANAGEMENT STATEMENT DUE ON JUN-12-2008 COMPLEX LITIGATION ASSIGNMENT REQUESTED BY FILING PARTIES; FEE INCLUDED IN FILING FEE | View | 885.00 |