**BRAYTON PURCELL LLP**
ALAN R. BRAYTON (Bar No. 73685)
PETER B. FREDMAN (Bar No. 189097)
CHARLOTTE E. SCOTT (Bar No. 225581)
222 Rush Landing Road
Novato, CA 94948-6169
Telephone: (415) 898-1555
Facsimile: (415) 898-1247
Email: pfredman@braytonlaw.com

Attorneys for Plaintiff
DAVID KECK and all persons similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KECK, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, a Delaware corporation; CENTRAL STATES INDEMNITY CO. OF OMAHA, a Nebraska Corporation; CSI PROCESSING LLC, a Nebraska company; and DOES 1-100, <br><br> Defendants. | Case No. CV 08-1219 CRB <br><br> **[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br><br> Date: April 18, 2008 <br> Time: 10:00 a.m. <br> Dept.: 8 <br> Judge: The Hon. Charles R. Breyer |

Defendants' Motion to Dismiss Plaintiff's First Amended Complaint came on for hearing on April 18, 2008. Peter B. Fredman of Brayton Purcell LLP appeared on behalf of Plaintiff, counsel from Severson & Werson appeared on behalf of Defendant Bank of America, and counsel from Tobin & Tobin appeared on behalf of Central States Indemnity Co. of Omaha and CSI Processing LLC.

Defendant Bank of America joined by Defendants Central States Indemnity Co. of Omaha and CSI Processing LLC, moved to dismiss plaintiff's first amended complaint in its entirety.  The Court orders that Defendants' motion shall be DENIED:

1. **Plaintiff's First Amended Complaint States Claims For Relief Under FRCP 8 and Meets The Pleading Requirements of FRCP 9(b)**

As an initial matter, defendants' challenge to the factual sufficiency of plaintiff's First Amended Complaint must be rejected.  Plaintiff presented a detailed account of the alleged wrongful and fraudulent conduct at issue and thus sufficiently states claims for relief under Federal Rule of Civil Procedure (FRCP) Rule 8.  Further, plaintiff's recitation of the near verbatim transcript identifies "with particularity the circumstances constituting fraud" and thereby satisfies the heightened pleading requirements of FRCP Rule 9(b).

2. **Plaintiff States A Claim For Unlawful, Unfair and Fraudulent Business Practices and False Advertising Under California's UCL**

Plaintiff states a claim under California's Unfair Competition Law (Bus. & Prof. Code §§ 17200, et seq., the UCL) independently satisfying the "unlawful", "unfair", and "fraudulent" sections.  Plaintiff meets the unlawful prong by alleging predicate violations of the Telemarketing and Consumer Fraud and Abuse Prevention law at Title 15, Chapter 87 of the United States Code (the TCFAP law), 15 U.S.C.A. § 6101 *et seq*., and supporting regulations, 16 C.F.R. § 310.1 *et seq*.  Under *Smith v. Wells Fargo Bank, N.A.* 135 Cal.App.4th 1463, 1480 (2005), a violation of a federal law or regulation may serve as a predicate for a UCL action.  The transcript of the telemarketing call clearly identifies facts supporting the predicate claim that defendants' agents violated both the TCFAP statute and implementing regulations.

Plaintiff's allegations regarding defendants' extremely sharp and aggressive telemarketing practices may also constitute  "unfair" business practices under the UCL based on the legislatively declared policy expressed in connection with the TCFAP law because the harm caused by defendants' practices is not outweighed by any apparent legitimate utility. 12 U.S.C.A § 6101 (Congressional Findings); *Lozano v. AT & T Wireless Services, Inc*., 504 F.3d 718, 736 (9th Cir. 2007).

1  Finally, plaintiff's recitation of the near verbatim transcript sufficiently states
2  defendants' practices were "fraudulent" and constituted "false advertising" under the UCL.
3  Therefore, defendants' motion to dismiss plaintiff's claim under the UCL is DENIED.

### 3. Plaintiff States A Claim For Invasion Of Privacy

Plaintiff's allegations also demonstrate a claim for invasion of privacy based on section 632 of the California Penal Code. Plaintiff alleges that the telemarketer did not tell plaintiff that the prior dialogue was recorded. Therefore, plaintiff could not have consented to it after-the-fact, or otherwise waived something he did not know about. *City of Ukiah v. Fones*, 64 Cal.2d 104, 107–108 (1966). As such, defendants' motion to dismiss plaintiff's claim for invasion of privacy is DENIED.

### 4. Plaintiff States A Claim For Relief Under The CLRA

#### a. The CLRA Applies Because The Transaction Involved Personal Services

The CLRA applies to this transaction because the financial services involved were intrinsically personal in nature. Civil Code § 1770(a). Based on plaintiff's allegations, the "debt protection" service offered by defendants was for "personal, family, or household purposes", not for "commercial or business use." Id., § 1761(b)&(d).

#### b. The CLRA Applies To The Subject Financial Services Transaction

The Court rejects defendants' argument that the Consumer Legal Remedies Act (Civil Code §§ 1750 *et seq*, the CLRA) does not apply to the debt protection service at issue in this case. The CLRA applies here because this case involves a financial service transaction other than the raw extension of credit. *Knox v. Ameriquest Mortgage Co.*, 2005 WL 1910927, *4 (N.D.Cal.2005). This service is distinguishable from mere extensions of credit at issue in *Berry v. Am. Express Publ., Inc*. 147 Cal.App.4th 224 (2007) and its progeny, *Van Slyke v. Capital One Bank,* 503 F.Supp.2d 1353 (N.D.Cal.2007); *Augustine v. FIA Card Servs., N.A*. 485 F.Supp.2d 1172 (E.D.Cal.2007). Furthermore, recent persuasive authority applies the CLRA to the financial services offered in connection with mortgage loans. *Herrnandez v. Hilltop Fin. Mortg., Inc.,* 2007 WL 3101250, 6 (N.D.Cal.2007); *Jefferson v. Chase Home Finance LLC*, 2007 WL 1302984 (N.D.Cal.2007).

1  Even an analysis of the legislative intent behind the CLRA supports its application in
2  this case. The *Berry* decision relies heavily on the legislature's unexplained deletion of the
3  words "money" and "credit" from the final draft of the CLRA. *Berry*, 230-231; *Hernandez*,
4  5 FN6. However, in contrast to *Berry*, plaintiff did not acquire money or credit by the
5  purported debt collection service. Further, the legislature clearly indicated its intent that the
6  CLRA "be liberally construed and applied to protect consumers against unfair and deceptive
7  business practices." Civil Code § 1760.
8  Finally, plaintiff sufficiently alleges facts to support his claim that defendants'
9  conduct violates several of the distinct prohibitions in the CLRA. Civil Code § 1770(a)(1-
10 23). Therefore, defendants' motion to dismiss plaintiff's CLRA claim is DENIED.

### 5. Plaintiff States A Claim For Financial Elder Abuse

Plaintiff properly alleges a cause of action for Financial Elder Abuse under the Elder Abuse and Dependent Adult Civil Protection Act. Welf. & Inst. §§ 15600 *et seq*. *Negrete v. Fidelity and Guar. Life Ins. Co.,* 444 F.Supp.2d 998, 1002-03 (C.D.Cal.2006). As in *Negrete*, plaintiff alleges that he was targeted as an elder and subjected to deceptive practices to sell him an insurance product that provided him little or no benefits because of his situation as an elder. *Id.*, 1000. Plaintiff's factual allegations suggest that the taking and retention of his money fits the definition of financial elder abuse. *Id.*, 1001-02.

### 6. Plaintiff States A Claim For Unjust Enrichment

Plaintiff may independently state a cause of action for unjust enrichment. *Ghirardo v. Antonioli*, 14 Cal.4th 39, 44 (Cal. 1996). Accordingly, plaintiff sufficiently alleges facts supporting this claim, i.e., that defendants charged his account without his authorization and/or used deception to obtain his authorization, and unjustly obtained money from him as a result of the purported transaction.

IT IS HEREBY ORDERED THAT defendant's motion to dismiss is DENIED.

DATED:_____, 2008    By: _____
                                     The Honorable Charles R. Breyer
                                     United States District Court Judge