IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DAVID KECK, | No. C 08-01219 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| BANK OF AMERICA, et al., | |
| Defendants. | |

Now pending before the Court is the motion to dismiss of defendant Bank of America, N.A. After carefully considering the papers filed by the parties, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and rules as is set forth below.

Defendant's motion to dismiss the First Cause of Action for violation of California's Unfair Competition Law is GRANTED with leave to amend. Plaintiff must allege which prong(s) of the statute (unlawful, unfair, or fraudulent) he alleges defendant violated and how defendant allegedly violated each prong.

Defendant's motion to dismiss the Second Cause of Action for violation of California Penal Code section 630 et seq. is DENIED. Defendant has not yet met its burden of proving that plaintiff does not state a claim, that is, it has not proved as a matter of law that the after-the-fact-consent to defendant's taping of the remainder of the telephone conversation applies to the earlier-recorded portion of the conversation. Nor has defendant proved that plaintiff

1 cannot show that he had a reasonable expectation that the conversation would not be taped.
2 The fact that defendant asked permission to record part of the conversation gives rise to an
3 inference of an expectation that the conversation would not be taped absent consent.

4 Defendant's Motion to Dismiss the Third Cause of Action for violation of the CLRA
5 is DENIED in part and GRANTED in part.  As to defendant's argument that the CLRA does
6 not apply to financial or insurance transactions, the motion is denied without prejudice to
7 defendant renewing the motion after the California Supreme Court decides <u>Fairbanks v.
8 Superior Court</u>, No. S157001.  The motion is also denied as to defendant's argument that the
9 transaction was for business purposes and therefore not covered by the CLRA.  The
10 allegations of the complaint raise a reasonable inference that the transaction was a consumer
11 transaction.  The motion is granted, however, for failure to state a claim on the ground that
12 plaintiff does not allege facts in the complaint showing how defendant allegedly violated any
13 of the practices forbidden by CLRA section 1770; the complaint's mere recitation of certain
14 CLRA provisions is insufficient.  Plaintiff shall be given leave to amend to address this
15 deficiency.

16 Defendant's Motion to Dismiss the Fourth Cause of Action for enhanced remedies for
17 financial elder abuse is GRANTED with leave to amend.  Plaintiff alleges that defendant
18 engaged in an "intent to defraud," but the complaint does not satisfy Federal Rule of Civil
19 Procedure 9(b).  As the Court has not finally determined that plaintiff cannot state any other
20 causes of action, the Court need not decide at this time whether a claim for financial elder
21 abuse must be tethered to another cause of action or may stand alone.

22 Defendant's Motion to Dismiss the Fifth Cause of Action is DENIED.  The
23 allegations of the complaint support a finding of unjust enrichment, that is, "a failure to make
24 restitution under circumstances where it is equitable to do so."  <u>Falk v. General Motors
25 Corp.</u>, 496 F.Supp.2d 1088, 1099 (N.D. Cal. 2007) (internal quotation marks and citation
26 omitted).  As with the elder abuse claim, the Court need not now decide whether unjust
27 enrichment is a separate cause of action under California law.

28

2

1  Plaintiff shall file his amended complaint, if any, within 20 days of the date of this
2  Order.
3  **IT IS SO ORDERED.**
4  Dated: April 15, 2008



CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE