MARK JOSEPH KENNEY (State Bar No. 87345)
mjk@severson.com
JAN T. CHILTON (State Bar No. 47582)
jtc@severson.com
JOSHUA E. WHITEHAIR (State Bar No. 244900)
jew@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
Bank of America, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KECK, an individual, | Case No.: CV08-1219 CRB |
| Plaintiff, | |
| vs. | **BANK OF AMERICA'S ANSWER TO SECOND AMENDED COMPLAINT** |
| BANK OF AMERICA, a Delaware Corporation; CENTRAL STATES INDEMNITY CO. OF OMAHA, a Nebraska Corporation; CSI PROCESSING, LLC, a Nebraska Company, and DOES 1 through 100, | |
| Defendants. | |

Bank of America, N.A. ("BofA") answers the second amended complaint as follows:

**Responses to Complaint's Allegations**

1. BofA denies that "Business Card Security" ("BCS") which was offered to plaintiff David Keck ("Keck") was "insurance or insurance-like." BofA affirmatively alleges that BCS is a debt cancellation provision offered to guarantors in connection with small business credit card accounts. BofA admits the other allegations of paragraph 1.

2. BofA denies that the BCS offered Keck was named "Payment Protection." BofA further denies that BCS "pays" any debt, and affirmatively alleges that BCS cancels amounts otherwise payable under the customer's credit card agreement upon the occurrence of certain

1  events such as disability or involuntary unemployment. BofA denies the remaining allegations of paragraph 2.

2  3. BofA denies that it engages in the wrongful practices named in paragraph 3 and lacks knowledge or information sufficient to form a belief about why Keck brings this suit, and on that ground denies that part of paragraph 3.

3  4. BofA admits the allegations of paragraph 4.

4  5. BofA admits that Bank of America Corporation is a Delaware corporation, but denies that Bank of America Corporation has anything to do with the transactions on which Keck sues. BofA affirmatively alleges that it is a national banking association formed under the National Bank Act with its main office in North Carolina, that it is a subsidiary of Bank of America Corporation, and that Keck guaranteed a business credit card account with BofA, not Bank of America Corporation.

5  6. BofA admits that Central States Indemnity Co. of Omaha ("CSI") is a Nebraska corporation doing business in San Francisco. BofA denies the remaining allegations of paragraph 6.

6  7. BofA admits that CSI Processing, LLC ("CSI Processing") is a Nebraska limited liability company registered to do business in California. BofA denies the remaining allegations of paragraph 7.

7  8. BofA lacks knowledge or information sufficient to form a belief about why Keck brings this suit, and on that ground denies that part of paragraph 8. BofA denies the remaining allegations of paragraph 8.

8  9. BofA denies the allegations of paragraph 9.

9  10. BofA admits the allegations of paragraph 10.

10  11. BofA admits that venue is proper in this Court. BofA denies the remaining allegations of paragraph 11.

11  12. BofA admits that paragraph 12 correctly quotes some statements which appear on CSI's website. BofA further admits that "www.csi-omaha.com/product.htm" and "www.csi-

1  omaha.com/sales.htm" are links to CSI's website. BofA denies the remaining allegations of paragraph 12.

2  13.    BofA admits that CSI Processing is a wholly owned subsidiary of CSI that provides processing and other services to BofA and its customers in connection with BCS. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 13, and on that ground denies them.

3  14.    BofA admits that BCS is offered to guarantors of its small business credit card accounts by a telemarketer under contract with BofA. BofA denies the remaining allegations of paragraph 14.

4  15.    BofA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15, and on that ground denies them.

5  16.    BofA admits that Keck's Social Security benefits were directly deposited into his BofA checking account in the summer of 2007. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 16, and on that ground denies them.

6  17.    BofA lacks knowledge or information sufficient to form a belief about the truth of the allegation that Keck used his business credit card to "borrow for personal and household expenses" and affirmatively alleges that Keck's credit card agreement said his account was a business account and should be used for business purposes only. BofA admits the remaining allegations of paragraph 17.

7  18.    BofA admits that it maintains some information regarding Keck and that it uses that information for a variety of purposes, including extending offers to him for goods, services or provisions made available through BofA or its affiliates or associated businesses. BofA denies the remaining allegations of paragraph 18.

8  19.    BofA admits that Keck was offered BCS in one telephone call in or about July 2007. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 19, and on that ground denies them.

20. BofA admits a recording was made of one telemarketing call to Keck and admits that paragraph 20 accurately relates the gist of that call. BofA denies that it recorded that telephone call.

21. BofA admits that it believed Keck had agreed to try BCS for a free month and that he knew that unless he canceled BCS he would thereafter be charged for it. BofA admits that beginning about August 13, 2007, it charged Keck for BCS as he had not canceled by then. BofA denies the remaining allegations of paragraph 21.

22. BofA admits that it charged Keck for BCS the specific sums on or about the dates listed in paragraph 22. BofA denies the remaining allegations of paragraph 22.

23. BofA admits that Keck complained about BCS and eventually asks that BCS be removed from his account. BofA affirmatively alleges that in response to Keck's complaints, BofA voluntarily recredited his account on December 11, 2007, the full amount he had been charged for BCS, $334.58. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 23, and on that ground denies them.

24. BofA admits the allegations of paragraph 24.

25. BofA admits that Keck denies he agreed to purchase BCS but affirmatively alleges that he is incorrect.

26. BofA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26, and on that ground denies them.

27. BofA denies the allegations of paragraph 27.

28. BofA denies the allegations of paragraph 28.

29. BofA denies that any defendant was subject to the statute or regulation cited in paragraph 29 in offering BCS to business credit card guarantors. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 29, and on that ground denies them.

30. BofA admits the provisions of the statute and regulation cited in paragraph 30, but denies that they apply to any defendant in offering BCS to business credit card guarantors. BofA denies the remaining allegations of paragraph 30.

31. BofA admits the provisions of the regulations cited in paragraph 31, but denies that it applies to any defendant in offering BCS to business credit card guarantors. BofA denies the remaining allegations of paragraph 31.

32. BofA admits that BofA is a national banking association to which the statute and regulation cited in paragraph 32 do not apply. BofA denies the remaining allegations of paragraph 32.

33. BofA admits the allegations of paragraph 33 but denies that the cited regulations apply to BCS which is offered to business credit card guarantors.

34. BofA admits the allegations of paragraph 34 but denies that the cited regulations apply to BCS which is offered to business credit card guarantors.

35. BofA admits the allegations of paragraph 35 but denies that the cited regulations apply to BCS which is offered to business credit card guarantors.

36. BofA admits the allegations of paragraph 36 but denies that the cited regulation applies to BCS which is offered to business credit card guarantors.

37. BofA denies that any class may or should be certified in this action. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 37, and on that ground denies them.

38. BofA admits that it prepared a script for a telemarketer to use in offering BCS to business credit card guarantors. BofA denies the remaining allegations of paragraph 38.

39. BofA denies the allegations of paragraph 39.

40. BofA admits the allegations of paragraph 40.

41. BofA denies the allegations of paragraph 41.

42. BofA denies the allegations of paragraph 42.

43. BofA denies the allegations of paragraph 43.

44. Answering paragraph 44, BofA incorporates by reference its responses to paragraphs 1 through 43 above.

1  45.  BofA admits the allegations of the first sentence of paragraph 45. BofA denies that it has violated the UCL. BofA admits the remaining allegations of paragraph 45's second sentence.

46-53.  BofA denies the allegations of paragraphs 46 through 53.

54.  BofA admits Keck seeks the relief alleged in paragraph 54 but denies that he or putative class members are entitled to it.

55.  BofA denies the allegations of paragraph 55.

56.  Answering paragraph 56, BofA incorporates by reference its responses to paragraphs 1 through 43 above.

57.  BofA admits the allegations of paragraph 57.

58-60.  BofA denies the allegations of paragraphs 58 through 60.

61.  Answering paragraph 61, BofA incorporates by reference its responses to paragraphs 1 through 43 above.

62-63.  BofA denies the allegations of paragraphs 62 and 63.

64.  BofA admits the allegations of paragraph 64.

65-69.  BofA denies the allegations of paragraphs 65 through 69.

70.  Answering paragraph 70, BofA incorporates by reference its responses to paragraphs 1 through 69 above.

71.  BofA admits the allegations of paragraph 71.

72.  BofA admits the provisions of the statutes cited in paragraph 72. BofA denies the remaining allegations of paragraph 72.

73-75.  BofA denies the allegations of paragraphs 73 through 75.

76.  Answering paragraph 76, BofA incorporates by reference its responses to paragraphs 1 through 75 above.

77.  BofA denies the allegations of paragraph 77.

**Affirmative Defenses**

78. The statutes and regulations cited in paragraphs 29-36 of the complaint do not apply to any of the defendants in the transactions at issue in this case because BCS is offered for business, not personal, family or household use.

79. BofA cannot be held vicariously liable under the UCL for the wrongful conduct of others, including the other defendants.

80. At BofA's direction CSI Processing, in its role as administrator of the BCS program, sent Keck and sends each customer who enrolls for BCS, a fulfillment package that includes (1) a full explanation of BCS terms and conditions, and (2) a written acknowledgement form that requests the customer to sign and return it in an enclosed self-addressed stamped envelope thereby providing the customer's written agreement to accept BCS.

81. Keck consented to and authorized the recording of the telemarketing call transcribed in paragraph 20.

82. The CLRA does not apply to the transactions alleged in the complaint because (a) the transactions involve the extension of credit only, and (b) the transactions were for business, not personal, family or household use.

83. On December 11, 2007, BofA refunded to Keck the amounts it had charged him for BCS.

WHEREFORE, BofA prays for judgment as follows:

1. That Keck's action and complaint be dismissed with prejudice.
2. That BofA be awarded its costs of suit.
3. That the Court award such other and further relief as it finds just and proper.

DATED: May 15, 2008              SEVERSON & WERSON
                                 A Professional Corporation

                                 By: /s/ Jan T. Chilton
                                     Jan T. Chilton
                                 Attorneys for Defendant
                                 Bank of America, N.A.

-7-