TOBIN & TOBIN
PAUL E. GASPARI, ESQ., State Bar No. 76496
pgaspari@tobinlaw.com
DANIEL C. ZAMORA, ESQ., State Bar No. 224375
dzamora@tobinlaw.com
500 Sansome Street
Eighth Floor
San Francisco, CA 94111
Telephone: (415) 433-1400
Facsimile: (415) 433-3883

Attorneys for Defendants
CENTRAL STATES INDEMNITY CO.
OF OMAHA, a Nebraska corporation,
and CSI PROCESSING, LLC, a Nebraska
limited liability company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID KECK, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, a Delaware Corporation, et al.,<br><br>　　　　Defendants. | CASE NO. CV 08-1219 CRB<br><br>**ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS CENTRAL STATES INDEMNITY CO. OF OMAHA AND CSI PROCESSING, LLC** |

Defendants Central States Indemnity Co. of Omaha, a Nebraska corporation ("CSI"), and CSI Processing, LLC, a Nebraska limited liability company ("CSI Processing") ("CSI" and "CSI Processing" may also be referred to collectively hereinafter as "Defendants"), hereby respond to the Second Amended Complaint of Plaintiff DAVID KECK (hereinafter "Plaintiff") on file herein as

follows:

1.  Answering paragraph 1, Defendants deny the allegations of paragraph 1 and affirmatively state the product is a financial product designed by Defendant BofA; offered to its customers by BofA and is a BofA product.

2.  Answering paragraph 2, Defendants admit that the subject product is a B of A debt cancellation product. Defendants deny the remaining allegations of paragraph 2.

3.  Answering paragraph 3, Defendants are without sufficient knowledge or information to form a belief as the truth of the allegation as to plaintiff's motivation in bringing this action. Except for the foregoing, Defendants deny each and every remaining allegation contained in paragraph 3.

4.  Answering paragraph 4, Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 4 and on that basis deny each and every allegation contained in paragraph 4.

5.  Answering paragraph 5, Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 5 and on that basis deny each and every allegation contained in paragraph 5.

6.  Answering paragraph 6, Defendants admit that CSI is a Nebraska corporation doing business in the City and County of San Francisco. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 6.

7.  Answering paragraph 7, Defendants admit that CSI Processing is a Nebraska limited liability company. Except as expressly admitted, Defendants deny each and every remaining allegation contained in paragraph 7.

8.  Answering paragraph 8, Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 8 and on that basis deny each and

2

U.S.D.C. No. Dist. CA Case no. CV 08-01219 CRB
ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS CENTRAL STATES INDEMNITY CO. OF OMAHA AND CSI PROCESSING, LLC

every allegation contained in paragraph 8.

9. Answering paragraph 9, Defendants deny each and every allegation set forth in paragraph 9.

10. Answering paragraph 10, Defendants admit the allegations set forth in paragraph 10.

11. Answering paragraph 11, Defendants admit that Plaintiff has pled facts that if true are sufficient to establish that venue is proper. Except as expressly admitted, Defendants deny each and every remaining allegation contained in paragraph 11.

12. Answering paragraph 12, Defendants admit that the quoted passages in paragraph 12 appear on CSI's website. Defendants further admit that "www.csi-omaha.com/product.htm" and "www.csi-omaha.com/sales.htm" are links to CSI's website. Except as expressly admitted, Defendants deny each and every remaining allegation contained in paragraph 12.

13. Answering paragraph 13, Defendants admit CSI Processing is a wholly owned subsidiary of CSI that provides administrative services to its clients for their products, but deny the remaining allegations of paragraph 13.

14. Answering paragraph 14, Defendants deny each and every allegation contained in paragraph 14.

15. Answering paragraph 15, Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 15 and on that basis deny each and every allegation contained in paragraph 15.

16. Answering paragraph 16, Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 16 and on that basis deny each and every allegation contained in paragraph 16.

17. Answering paragraph 17, Defendants are without sufficient knowledge or information to

form a belief as the truth of the allegations contained in paragraph 17 and on that basis deny each and every allegation contained in paragraph 17.

18. Answering paragraph 18, Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 18 and on that basis deny each and every allegation contained in paragraph 18.

19. Answering paragraph 19, Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 19 and on that basis deny each and every allegation contained in paragraph 19. Defendants affirmatively allege that they had no responsibility for the marketing of the product nor did they market the product.

20. Answering paragraph 20, Defendants admit that an audio record of the subject call was produced by a telemarketing vendor under contract with BofA and that the portions transcribed to the subject call in the Complaint are generally accurate, except that the recording is the best evidence of that conversation.

21. Answering paragraph 21, Defendants admit that BOA charged plaintiff a fee beginning on or about August 13, 2007, but deny that the product was a CSI product and deny the remaining allegations of paragraph 21.

22. Answering paragraph 22, Defendants admit that plaintiff was charged the fees identified in Paragraph 22 by BofA, not by these answering Defendants.

23. Answering paragraph 23, deny the allegations, but affirmatively allege that on October 20, 2007, upon request by Plaintiff, the plan was cancelled.

24. Answering paragraph 24, defendants admit the allegations of paragraph 24.

25. Answering paragraph 25, defendants deny the allegations of paragraph 25.

26. Answering paragraph 26, Defendants are without sufficient knowledge or information

4

U.S.D.C. No. Dist. CA Case no. CV 08-01219 CRB
ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS CENTRAL STATES INDEMNITY CO. OF OMAHA AND CSI PROCESSING, LLC

to form a belief as the truth of the allegations contained in paragraph 26 and on that basis deny each and every allegation contained in paragraph 26.

27. Answering paragraph 27, Defendants deny each and every allegation set forth in paragraph 27.

28. Answering paragraph 28, Defendants deny each and every allegation set forth in paragraph 28.

29. Answering paragraph 29, as to allegations pertaining to Defendants, Defendants deny each and every allegation set forth in paragraph 29 and affirmatively allege that Defendants did not telemarket this plan. As to allegations pertaining to co-defendant Bank of America, Defendants are without sufficient knowledge or information to form a belief as the truth of those allegations and on that basis deny each and every allegation pertaining to Bank of America contained in paragraph 29.

30. Answering paragraph 30, Defendants admit that the requirements of 15 U.S.C. §6102(a)(3)(c), 16 C.F.R. Chapter, Part 310.3(a)(1) and (4), and 16 C.F.R. § 310.4(d), are as stated therein. Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in paragraph 30 and on that basis deny each and every remaining allegation contained in paragraph 30.

31. Answering paragraph 31, Defendants admit that the cited partial excerpts from 16 C.F.R. Chapter 1, Part 310.4 (a) are quoted correctly. Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in paragraph 31 and on that basis deny each and every remaining allegation contained in paragraph 31.

32. Answering paragraph 32, Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 32 and on that basis deny each and every allegation contained in paragraph 32.

33. Answering paragraph 33, Defendants admit that 12 C.F.R. Chapter 1, Part 37.1 states, in part, "…enter into debt cancellation contracts and debt suspension agreements and charge a fee therefor…" and that 12 C.F.R Chapter 1, Part 37.2, states, in part, "…appropriate consumer protections." Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in paragraph 33 and on that basis deny each and every remaining allegation contained in paragraph 33.

34. Answering paragraph 34, Defendants admit that 12 C.F.R. Chapter 1, Part 37.7 states, in part, "…affirmative election to purchase…" Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in paragraph 34 and on that basis deny each and every remaining allegation contained in paragraph 34.

35. Answering paragraph 35, Defendants admit that the cited partial excerpts from 12 C.F.R. Chapter 1, Part 37.6 (a),(c) and (d) and Part 37.7(a) and (b) are quoted correctly. Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in paragraph 35 and on that basis deny each and every remaining allegation contained in paragraph 35.

36. Answering paragraph 36, Defendants admit that 12 C.F.R. Chapter 1, Part 37.3(b) states, in part, "…national bank may not engage in any practice or use any advertisement that could mislead or otherwise cause a reasonable person to reach an erroneous belief with respect to information that must be disclosed…." Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in paragraph 36 and on that basis deny each and every remaining allegation contained in paragraph 36.

37. Answering paragraph 37, Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 37 and on that basis deny each and

6

U.S.D.C. No. Dist. CA Case no. CV 08-01219 CRB
ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS CENTRAL STATES INDEMNITY CO. OF OMAHA AND CSI PROCESSING, LLC

every allegation contained in paragraph 37.

38. Answering paragraph 38, Defendants admit that the subject call and other telemarketing sales efforts were undertaken but were undertaken by Defendant BofA and their agents not by these answering Defendants.

39. Answering paragraph 39, Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 39 and on that basis deny each and every allegation contained in paragraph 39.

40. Answering paragraph 40, Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 40 and on that basis deny each and every allegation contained in paragraph 40.

41. Answering paragraph 41, Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 41 and on that basis deny each and every allegation contained in paragraph 41.

42. Answering paragraph 42, Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 42 and on that basis deny each and every allegation contained in paragraph 42.

43. Answering paragraph 43, Defendants deny that they have engaged in illegal, unlawful and unfair conduct and/or practices. Defendants further deny that they have wrongfully collected or profited from alleged illegal, unlawful and unfair conduct and/or practices. Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in paragraph 43 and on that basis deny each and every remaining allegation contained in paragraph 43.

44. Answering paragraph 44, Defendants herein incorporate their previous responses to

paragraphs 1 through 43, inclusive, of plaintiff's Complaint.

45. Answering paragraph 45, Defendants admit that California Business Professions Code Section 17200 states, in part, that unfair competition shall mean and include "…unlawful, unfair or fraudulent business act or practice…" Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in paragraph 45 and on that basis deny each and every remaining allegation contained in paragraph 45.

46. Answering paragraph 46, Defendants deny each and every allegation set forth in paragraph 46.

47. Answering paragraph 47, Defendants deny each and every allegation contained in paragraph 47.

48. Answering paragraph 48, Defendants deny each and every allegation contained in paragraph 48.

49. Answering paragraph 49, Defendants deny each allegation of paragraph 49 and affirmatively allege that this is not a product of Defendants, but of BofA.

50. Answering paragraph 50, Defendants deny each and every allegation contained in paragraph 50.

51. Answering paragraph 51, Defendants deny that they committed, or are committing, "fraudulent" prong predicate acts and practices. Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in paragraph 51 and on that basis deny each and every remaining allegation contained in paragraph 51.

52. Answering paragraph 52, Defendants deny each and every allegation set forth in paragraph 52.

53. Answering paragraph 53, Defendants deny each and every allegation set forth in

8

U.S.D.C. No. Dist. CA Case no. CV 08-01219 CRB
ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS CENTRAL STATES INDEMNITY CO. OF OMAHA AND CSI PROCESSING, LLC

paragraph 53.

54. Answering paragraph 54, Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 54 and on that basis deny each and every allegation contained in paragraph 54.

55. Answering paragraph 55, Defendants deny each and every allegation set forth in paragraph 54.

56. Answering paragraph 56, Defendants herein incorporate their previous responses to paragraphs 1 through 55, inclusive, of plaintiff's Complaint.

57. Answering paragraph 57, Defendants admit that *Flanagan v. Flanagan* (2002) 27 Cal.4th 766, 776, states, in part, "…Privacy Act is a coherent statutory scheme [that] protects against intentional, nonconsensual recording of telephone conversations regardless of the content of the conversation..." Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in paragraph 57 and on that basis deny each and every remaining allegation contained in paragraph 57.

58. Answering paragraph 58, Defendants deny each and every allegation set forth in paragraph 58.

59. Answering paragraph 59, Defendants deny that there is any practice of recording telemarketing calls without seeking the consent of the recipient. Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in paragraph 59 and on that basis deny each and every remaining allegation contained in paragraph 59.

60. Answering paragraph 60, Defendants deny each and every allegation set forth in paragraph 60.

61. Answering paragraph 61, Defendants herein incorporate their previous responses to paragraphs 1 through 62, inclusive, of plaintiff's Complaint.

62. Answering paragraph 62, Defendants deny each and every allegation contained in paragraph 62.

63. Answering paragraph 63, Defendants deny each and every allegation contained in paragraph 63.

64. Answering paragraph 64, Defendants admit that California Civil Code §1760, states, in part, "…be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices…" Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in paragraph 64 and on that basis deny each and every remaining allegation contained in paragraph 64.

65. Answering paragraph 65, Defendants deny that they have violated the CLRA. Except as expressly denied, Defendants are without sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in paragraph 65 and on that basis deny each and every remaining allegation contained in paragraph 65.

66. Answering paragraph 66, Defendants deny each and every allegation contained in paragraph 66.

67. Answering paragraph 67, Defendants deny each and every allegation set forth in paragraph 67.

68. Answering paragraph 68, Defendant deny each and every allegation set forth in paragraph 68.

69. Answering paragraph 69, Defendants deny each and every allegation set forth in

10

U.S.D.C. No. Dist. CA Case no. CV 08-01219 CRB
ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS CENTRAL STATES INDEMNITY CO. OF OMAHA AND CSI PROCESSING, LLC

paragraph 69.

70. Answering paragraph 70, Defendants herein incorporate their previous responses to paragraphs 1 through 69, inclusive, of plaintiff's Complaint.

71. Answering paragraph 71, Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 71 and on that basis deny each and every allegation contained in paragraph 71.

72. Answering paragraph 72, Defendants admit that the excerpted sections of Welfare and Institutions Code § 15610.30 (a) and (b) are accurately quoted. Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in paragraph 72 and on that basis deny each and every remaining allegation contained in paragraph 72.

73. Answering paragraph 73, Defendants deny each and every allegation set forth in paragraph 73.

74. Answering paragraph 74, Defendants deny each and every allegation set forth in paragraph 74.

75. Answering paragraph 75, Defendants deny each and every allegation set forth in paragraph 75.

76. Answering paragraph 76, Defendants herein incorporate their previous responses to paragraphs 1 through 75, inclusive, of plaintiff's Complaint.

77. Answering paragraph 77, Defendants deny each and every allegation set forth in paragraph 77.

11

U.S.D.C. No. Dist. CA Case no. CV 08-01219 CRB
ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS CENTRAL STATES INDEMNITY CO. OF OMAHA AND CSI PROCESSING, LLC

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1. As a first separate affirmative defense, Defendants allege that the Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. As a second separate affirmative defense, Defendants allege that Plaintiff does not have standing to assert the claims asserted in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

3. As a third separate affirmative defense, Defendants allege that Plaintiff has waived any rights he might have arising from any alleged acts or omissions of Defendants.

## FOURTH AFFIRMATIVE DEFENSE

4. As a fourth separate affirmative defense, Defendants allege that Plaintiff directed, ordered, approved and/or ratified Defendants' conduct, and Plaintiff is therefore estopped from asserting any claim based thereon.

## FIFTH AFFIRMATIVE DEFENSE

5. As a fifth separate affirmative defense, Defendants allege that Plaintiff is barred by laches from pursuing any remedy otherwise afforded to him.

## SIXTH AFFIRMATIVE DEFENSE

6. As a sixth separate affirmative defense, Defendants allege that Plaintiff is barred by the doctrine of unjust enrichment.

## SEVENTH AFFIRMATIVE DEFENSE

7. As a seventh separate affirmative defense, Defendants allege that Defendants duly performed, satisfied and discharged all duties and obligations they may have owed to Plaintiff arising

out of any and all agreements, representations or contracts made by him or on behalf of these answering Defendants, and this action is therefore barred by the provisions of California Civil Code, Section 1473.

### EIGHTH AFFIRMATIVE DEFENSE

8. As an eighth separate affirmative defense, Defendants allege that Plaintiff has failed to use reasonable care to minimize and mitigate any losses or damages complained of, if there are any.

### NINTH AFFIRMATIVE DEFENSE

9. As a ninth separate affirmative defense, Defendants allege that Plaintiff assumed the risk, if any there was, in connection with the matters referred to in the pleadings, and recovery is therefore barred or proportionately reduced to the extent of such assumption.

### TENTH AFFIRMATIVE DEFENSE

10. As a tenth separate affirmative defense, Defendants allege that Plaintiff is barred from any recovery on the Complaint because Defendants at all times acted fairly and in good faith towards Plaintiff and abided by, honored and acted in accordance with the policies, practices, procedures and agreements that govern the relationship between them.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants affirmatively allege that the product telemarketed to the Plaintiffs is a financial product designed by BofA; telemarketed by BofA through telemarketing vendors hired by BofA using scripts and protocols determined by BofA and supervised by BofA.

### TWELTH AFFIRMATIVE DEFENSE

12. Defendants presently have insufficient knowledge or information with which to form a belief as to whether it may have additional, as of yet unstated, affirmative defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that such defenses would be appropriate.

13

U.S.D.C. No. Dist. CA Case no. CV 08-01219 CRB
**ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS CENTRAL STATES INDEMNITY CO. OF OMAHA AND CSI PROCESSING, LLC**

WHEREFORE, Defendants pray for judgment as follows:

1. That the Second Amended Complaint be denied and all its claims for relief be dismissed with prejudice;

2. That Defendants be awarded the costs of the suit incurred herein;

3. That Defendants be awarded their reasonable attorney's fees; and

4. That Defendants be awarded such other and further relief as this Court may deem just and proper.

Dated: May 27, 2008                                         TOBIN & TOBIN


By:     /s/    Paul E. Gaspari
Paul E. Gaspari
Attorneys for Defendants
CENTRAL STATES INDEMNITY CO. OF OMAHA, a Nebraska corporation, and CSI PROCESSING, LLC, a Nebraska limited liability company

*H:\PEG\Central States Indemnity\Answer.doc*

PROOF OF SERVICE

CASE NAME:   David Keck v. Bank of America, et al.
COURT:       United States District Court, Northern District of California
CASE NO.:    CV 08-1219 CRB

I, Marilynn J. Cooper, declare:

I am over the age of eighteen years and not a party to the cause. I am employed by the law firm of Tobin & Tobin, 500 Sansome Street, 8th Floor, San Francisco, California 94111-3211.

On May 27, 2008, I served the document described as: **ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS CENTRAL STATES INDEMNITY CO. OF OMAHA AND CSI PROCESSING, LLC** on the parties in this matter by placing a true copy thereof in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Peter B. Fredman, Esq.<br>Brayton Purcell LLP<br>222 Rush Landing Road<br>Novato, California 94948<br>Tel: (415) 895-1555 x 364<br>Fax: (415) 898-1247<br>***Attorneys for Plaintiff David Keck*** | Mark Joseph Kenney, Esquire<br>Jan Timothy Chilton, Esq.<br>Joshua Eric Whitehair, Esquire<br>Severson & Werson<br>One Embarcadero Center, 26th Floor<br>San Francisco, California 94111<br>Tel: (415) 398-3344<br>Fax: (415) 956-0439<br>***Attorneys for Defendant Bank of America, N.A.*** |

Service of the above document(s) was effectuated by the following means of service:

XX   **By First Class Mail** -- I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. It is deposited with the United States Postal Service in the ordinary course of business on the same day it is processed for mailing. I caused such envelope(s) to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

XX   **Federal Court** -- I declare under penalty of perjury that the foregoing is true and correct and that service was made under the direction of a member of the bar of this Court who is admitted to practice and is not a party to the cause.

Executed this May 27, 2008, at San Francisco, California.

_____
Marilynn J. Cooper

H:\MJC\PROOFS OF SERVICE\PROOF OF SERVICE 002-USDC-KECK V. BANK OF AMERICA.doc