1  TOBIN & TOBIN
   PAUL E. GASPARI, ESQ., State Bar No. 76496
2  pgaspari@tobinlaw.com
   DANIEL C. ZAMORA, ESQ., State Bar No. 224375
3  dzamora@tobinlaw.com
   500 Sansome Street
4  Eighth Floor
   San Francisco, CA  94111
5  Telephone:  (415) 433-1400
   Facsimile:  (415) 433-3883
6
   Attorneys for Defendants
7  CENTRAL STATES INDEMNITY CO.
   OF OMAHA, a Nebraska corporation,
   and CSI PROCESSING, LLC, a Nebraska
8  limited liability company

9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11
                         SAN FRANCISCO DIVISION
12

13  DAVID KECK, an individual,              )   CASE NO. CV 08-1219 CRB
                                            )
14           Plaintiff,                     )   **RULE 26 (a) INITIAL DISCLOSURES
                                            )   OF DEFENDANTS CENTRAL
15  vs.                                     )   STATES INDEMNITY CO. OF
                                            )   OMAHA and CSI PROCESSING, LLC**
16  BANK OF AMERICA, a Delaware             )
    Corporation, et al.,                    )
17                                          )
             Defendants.                    )
18                                          )
                                            )
19                                          )
                                            )
20                                          )
                                            )
21  _____

22

23

24

25

26

                                          - 1 -

Defendants Central States Indemnity Co. of Omaha and CSI Processing, LLC (collectively "CSI") hereby make the following Initial Disclosures pursuant to Fed. R. Civ. Proc. 26(a)(1). These Initial Disclosures are based upon information now known to CSI, and CSI reserves the right to supplement the disclosures as discovery proceeds in this case.

A. **Individuals Likely To Have Discoverable Information (F.R.C.P. 26(a)(1)(A)(i))**.

The following individuals are likely to have discoverable information that CSI may use to support its claims and defenses:

1. Kevin Moran, Executive Vice President, CSI Processing LLC, 1212 N. 96th St., Omaha, NE 68114; Mr. Moran may be contacted through counsel.

Kevin Moran has overall responsibility for the provision of administrative services by CSI Processing LLC and has knowledge and information regarding the administrative services provided by CSI Processing LLC to Bank of America, the post-enrollment communications with Mr. Keck, the relationship between Central States Indemnity Co. of Omaha and CSI Processing LLC and the lack of any relationship between Central States Indemnity and the Business Card Security Program offered and marketed by B of A.

2. Tina Fitzsimmons, Vice President, CSI, 1212 N. 96th St., Omaha, NE 68114; Ms. Fitzsimmons may be contacted through counsel.

Tina Fitzsimmons has knowledge and information regarding the administrative services provided by CSI Processing LLC to Bank of America, the post-enrollment communications with Mr. Keck, the relationship between Central States Indemnity Co. of Omaha and CSI Processing LLC and the lack of any relationship between Central States Indemnity and the Business Card Security Program offered and marketed by B of A.

3. Debbie Clute, Sr. Client Services Rep., CSI, 1212 N. 96th St., Omaha, NE 68114; Ms. Clute may be contacted through counsel.

Debbie Clute has knowledge and information regarding the administrative services

- 2 -

U.S.D.C. No. Dist. CA Case no. CV 08-01219 CRB
RULE 26 (a) INITIAL DISCLOSURES OF DEFENDANTS CENTRAL STATES INDEMNITY CO. OF OMAHA and CSI PROCESSING, LLC

provided by CSI Processing LLC to Bank of America, the post-enrollment communications with Mr. Keck, and the lack of any relationship between Central States Indemnity and the Business Card Security Program offered and marketed by B of A.

    4. Plaintiff, David Keck

    5. Employees of Defendant Bank of America

It is anticipated that various employees of Defendant Bank of America will have knowledge regarding BCS, its marketing, including telemarketing, the relationship between B of A and CSI Processing and the lack of any relationship between B of A and Central States Indemnity Co. of Omaha as it relates to BCS.

**B.  Documents in the Possession, Control or Custody of Disclosing Party That May Be Used To Support Its Claims and Defenses (F.R.C.P. 26(a)(1)(A)(i).**

The following categories of documents, electronically stored information and tangible things in the possession, custody or control of CSI may be used to support its claims and defenses:

1. The documents disclosed by Plaintiff, David Keck;
2. The documents disclosed by Defendant B of A;
3. Recording of the telephone conversation between Plaintiff David Keck and the telemarketer employed by Telespectrum, a contractor of B of A, which recording is in the possession of either Telespectrum or B of A;
4. The telemarketing scripts, in the possession of Telespectrum or B of A;
5. The "Fulfillment Package";
6. Correspondence with Plaintiff David Keck;
7. e-mails between employees of CSI and B of A;
8. Copies of "computer screens" of Plaintiff David Keck's BCS account.
9. The General Services Agreement between Bank of America and CSI Processing LLC. CSI asserts that this Agreement contains confidential

- 3 -

U.S.D.C. No. Dist. CA Case no. CV 08-01219 CRB
**RULE 26 (a) INITIAL DISCLOSURES OF DEFENDANTS CENTRAL STATES INDEMNITY CO. OF OMAHA and CSI PROCESSING, LLC**

proprietary pricing and competitive information, not relevant to the issues raised by this litigation. CSI objects to production of the Agreement other than in redacted form, acceptable to CSI, and/or subject to a Protective order, acceptable to CSI.

**C.   The Computation Of Each Category of Damages Claimed By The Disclosing Party (F.R.C.P.(a)(1)(A)(iii).**

Not applicable to Defendant CSI.

**D.   Insurance (F.R.C.P.(a)(1)(A)(iv).**

CSI and CSI Processing are not aware of any applicable insurance.

Dated: May 29, 2008                                         TOBIN & TOBIN

By: ____/s/   Paul E. Gaspari____
Paul E. Gaspari
Attorneys for Defendants
CENTRAL STATES INDEMNITY CO. OF OMAHA, a Nebraska corporation, and CSI PROCESSING, LLC, a Nebraska limited liability company

H:\PEG\Central States Indemnity\Initial Disclosure 052908.doc

<u>PROOF OF SERVICE</u>

CASE NAME: David Keck v. Bank of America, et al.
COURT: United States District Court, Northern District of California
CASE NO.: CV 08-1219 CRB

I, Marilynn J. Cooper, declare:

I am over the age of eighteen years and not a party to the cause. I am employed by the law firm of Tobin & Tobin, 500 Sansome Street, 8th Floor, San Francisco, California 94111-3211.

On May 29, 2008, I served the document described as: **RULE 26 (a) INITIAL DISCLOSURES OF DEFENDANTS CENTRAL STATES INDEMNITY CO. OF OMAHA and CSI PROCESSING, LLC** on the parties in this matter by placing a true copy thereof in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Peter B. Fredman, Esq.<br>Brayton Purcell LLP<br>222 Rush Landing Road<br>Novato, California 94948<br>Tel: (415) 895-1555 x 364<br>Fax: (415) 898-1247<br>***Attorneys for Plaintiff David Keck*** | Mark Joseph Kenney, Esquire<br>Jan Timothy Chilton, Esq.<br>Joshua Eric Whitehair, Esquire<br>Severson & Werson<br>One Embarcadero Center, 26th Floor<br>San Francisco, California 94111<br>Tel: (415) 398-3344<br>Fax: (415) 956-0439<br>***Attorneys for Defendant Bank of America, N.A.*** |

Service of the above document(s) was effectuated by the following means of service:

XX  **By First Class Mail** -- I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. It is deposited with the United States Postal Service in the ordinary course of business on the same day it is processed for mailing. I caused such envelope(s) to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

XX  **Federal Court** -- I declare under penalty of perjury that the foregoing is true and correct and that service was made under the direction of a member of the bar of this Court who is admitted to practice and is not a party to the cause.

Executed this May 29, 2008, at San Francisco, California.

_____
Marilynn J. Cooper

H:\MJC\PROOFS OF SERVICE\PROOF OF SERVICE 004-USDC-KECK V. BANK OF AMERICA.doc