1  MARK JOSEPH KENNEY (State Bar No. 87345)
   mjk@severson.com
2  JAN T. CHILTON (State Bar No. 47582)
   jtc@severson.com
3  JOSHUA E. WHITEHAIR (State Bar No. 244900)
   jew@severson.com
4  SEVERSON & WERSON
   A Professional Corporation
5  One Embarcadero Center, Suite 2600
   San Francisco, CA  94111
6  Telephone:  (415) 398-3344
   Facsimile:  (415) 956-0439
7
   Attorneys for Defendant
8  Bank of America, N.A.

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12 | DAVID KECK, an individual, | Case No.:  CV 08-1219 CRB
13 | Plaintiff, | **PUTATIVE CLASS ACTION**
14 | vs. | **BANK OF AMERICA'S RULE 26(a) INITIAL DISCLOSURES**
15 | BANK OF AMERICA, a Delaware Corporation; CENTRAL STATES |
16 | INDEMNITY CO. OF OMAHA, a Nebraska Corporation; CSI PROCESSING, LLC, a |
17 | Nebraska Company, and DOES 1 through 100, |
18 | Defendants. |

19

20     Defendant Bank of America, N.A., sued as Bank of America, a Delaware corporation

21 ("BofA") hereby provides the following disclosures pursuant to Federal Rule of Civil Procedure

22 26(a).

23     Rule 26(a)(1)(A)

24     The name and, if known, the address and telephone number of each individual likely to

25 have discoverable information that the disclosing party may use to support its claims or defenses,

26 unless solely for impeachment, identifying the subjects of the information:

27     1.     Bernard Dines, the individual employee of Telespectrum, Inc. who called David

28 Keck.  BofA is currently unaware of Mr. Dines' address and telephone number.  BofA believes

Mr. Dines is knowledgeable about his call to Mr. Keck, about his training and the script he was to follow in making calls concerning the Business Card Security plan, and the reasons for termination of his employment by Telespectrum, Inc.

2. David Keck, 462 Duboce Ave., Apt. 210, San Francisco, CA; tel: (415) 863-3881.

3. Officers, employees and agents of BofA with pertinent knowledge of the Business Card Security plan, its administration, and telemarketing of BCS to guarantors of business credit card accounts, and the relationships between BofA and Telespectrum, Inc. and BofA and CSI Processing LLC, including but not limited to:

    a. James P. Baker, Bank of America, 1100 N. King St., Wilmington, DE; tel: [contact BofA counsel]; knowledgeable about direct marketing, including telemarketing for BofA Insurance Services Group, including BCS.

    b. Lesley J. Collins, Bank of America, 1100 N. King St., Wilmington, DE; tel: [contact BofA counsel]; knowledgeable about BCS debt cancellation provision.

    c. Domenic Gallo., Bank of America, 1100 N. King St., Wilmington, DE; tel: [contact BofA counsel]; knowledgeable about marketing activities for BCS.

    d. Robert J. Hladick, Bank of America, 143 Gibraltar Rd., Horsham, PA; tel: [contact BofA counsel]; knowledgeable about relationship and day-to-day dealings between BofA and telemarketing firm regarding BCS.

    e. Todd Krantz, Bank of America,, 201 N. Tryon St., Charlotte, NC; tel: [contact BofA counsel]; knowledgeable about relationship between BofA and CSI Processing with respect to BCS.

    f. Lorraine A. Moffa, Bank of America, 1100 N. King St., Wilmington, DE; tel: [contact BofA counsel]; knowledgeable about relationship and day-to-day dealings between BofA and telemarketing firm regarding BCS.

    g. Michael E. Turk, Bank of America, 143 Gibraltar Rd., Horsham, PA; tel: [contact BofA counsel]; knowledgeable about criteria for selecting leads for telemarketing BCS.

  h. Blake-Leigh Zaben, Bank of America, 1100 N. King St., Wilmington, DE; tel: [contact BofA counsel]; knowledgeable about compliance efforts with respect to debt cancellation and telemarketing.

  i. Kimberly Zittle, Bank of America, 1100 N. King St., Wilmington, DE; tel: [contact BofA counsel]; knowledgeable about operational aspects of BCS program.

4. Officers, employees and agents of Telespectrum, Inc. with pertinent knowledge of the telemarketing of BCS to guarantors of business credit card accounts, the relationship between BofA and Telespectrum, Inc., personnel actions taken with respect to the individual who called plaintiff Keck, and the recording of telemarketing calls, including but not limited to:

  a. Heather DiPietrantonio, Telespectrum, 2200 Renaissance Blvd., Ste. 350, King of Prussia, PA; tel. (610) 757-6346; knowledgeable about practices regarding recording telemarketing calls, Telespectrum's relationship with BofA, training of telemarketers and telemarketing practices in connection with selling BofA's BCS, and reasons the individual who called Keck was terminated.

  b. Jared Smith, Telespectrum, 100 Industry Ave., Pittsburg, PA; tel: (412) 513-9960; knowledgeable about practices regarding recording telemarketing calls, Telespectrum's relationship with BofA, training of telemarketers and telemarketing practices in connection with selling BofA's BCS, and the individual who called Keck and reasons for his termination.

  c. Greg Rachel, Telespectrum, 2200 Renaissance Blvd., Ste. 350, King of Prussia, PA; knowledgeable about practices regarding recording telemarketing calls.

5. Officers, employees and agents of Central States Indemnity Co. of Omaha and CSI Processing LLC with pertinent knowledge of the administration of BCS, the relationship between BofA and CSI Processing, and Central States Indemnity Co.'s role, if any, in relation to BCS, including but not limited to:

  a. Debbie Clute, 1212 N. 96th St., Omaha, NE 68114; [contact CSI's counsel], knowledgeable about the administrative services provided by CSI Processing to BofA, the

post-enrollment communications with Mr. Keck, and the lack of any relationship between CSI and BofA's BCS plan.

      b.    Tina Fitzsimmons, 1212 N. 96th St., Omaha, NE 68114; [contact CSI's counsel], knowledgeable about the administrative services provided by CSI Processing to BofA, the post-enrollment communications with Mr. Keck, CSI's relationship to CSI Processing, and the lack of any relationship between CSI and BofA's BCS plan.

      c.    Kevin Moran, 1212 N. 96th St., Omaha, NE 68114; [contact CSI's counsel], knowledgeable about the administrative services provided by CSI Processing to BofA, the post-enrollment communications with Mr. Keck, CSI's relationship to CSI Processing, and the lack of any relationship between CSI and BofA's BCS plan.

BofA reserves the right to supplement these initial disclosures at the appropriate time and to designate and rely upon additional individuals at a later time.

<u>Rule 26(a)(1)(B)</u>

A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

1.    Audio recording of telephone conversation between David Keck and telemarketer and audio recordings of other telemarketing calls to California residents who enrolled in BCS. These recordings are in Telespectrum's possession.

2.    Business Card Security telemarketing script, as of 6/06, 9/07 and 12/07.

3.    Business Card Security Telemarketing Product Training.

4.    Business Card Agreement and Additional Disclosure.

5.    Platinum Rewards Visa Business Card Company Statements for BaseMaps Int'l account from Jan. 2007 through Jan. 2008, and business credit card statements for accounts guaranteed by other California residents. Electronic versions of these statements are in BofA's possession.

6.    Inquire Account Event Detail for BaseMaps Int'l account 12/10 and 12/11/07.

- 4 -

7. Correspondence with BCS enrolees regarding complaints, including but not limited to: E-mail string and complaint letter from David Keck, dated 12/6/07 and 11/25/07; response by Medin Jupic, Bank of America to OCC dated 12/12/07 re Keck complaint; and complaint Resolution tracker screen print re Keck complaint. Correspondence is in BofA's possession.

8. Fulfillment package for BCS, including "Welcome to Business Card Security," "Frequently Asked Questions About Bank of America's Business Card Security," "Business Card Security Addendum to the Business Card Agreement," and "Business Card Security Terms and Conditions" together with "Written Acknowledgement Form."

9. BCS Small Business Portfolio Exclusion Criteria (OBTM) for BCS solicitation.

10. BofA Program Guide for telemarketers.

11. Telespectrum's personnel file regarding [telemarketer], which is in Telespectrum's possession.

12. General Services Agreement no. TEL-13033, between BofA and Telespectrum, Inc., effective 2/1/05. This agreement contains confidential proprietary pricing and competitive information, not relevant to the issues raised by this litigation. BofA objects to production of the agreement other than in redacted form pursuant to an appropriate protective order.

13. General Services Agreement no. CSI-32109, between BofA and CSI Processing, LLC, effective 1/5/07. This agreement contains confidential proprietary pricing and competitive information, not relevant to the issues raised by this litigation. BofA objects to production of the agreement other than in redacted form pursuant to an appropriate protective order.

BofA reserves the right to supplement these initial disclosures at the appropriate time and to designate and rely upon additional documents at a later time.

Rule 26(a)(1)(C)

A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

- 5 -

Not applicable to BofA.

Rule 26(a)(1)(D)

For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

1. BofA believes it is an additional insured under an insurance policy obtained by Telespectrum, Inc. BofA is trying to obtain a copy of that policy from Telespectrum.

2. BofA's professional liability (errors & omissions) insurance program which is more particularly described at pages BofA/K000106-BofA/K000111 of the documents produced in connection with these initial disclosures.

DATED: May 30, 2008

SEVERSON & WERSON
A Professional Corporation

By: _____/s/ *Jan T. Chilton*_____
Jan T. Chilton

Attorneys for Defendant
Bank of America, N.A.

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of San Francisco, California; my business address is Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On the date below I served a copy, with all exhibits, of the following document(s):

**BANK OF AMERICA'S RULE 26(a) INITIAL DISCLOSURES**

on all interested parties in said case addressed as follows:

| | |
|---|---|
| Peter B. Fredman, Esq.<br>BRAYTON PURCELL<br>222 Rush Landing Road<br>Novato, CA 94948<br>Telephone: (415) 895-1555<br>Fax: (415) 898-1247<br><br>**Attorneys for Plaintiff**<br>**David Keck** | Paul E. Gaspari, Esq.<br>Daniel C. Zamora, Esq.<br>TOBIN & TOBIN<br>500 Sansome Street, 8th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 433-1400<br>Fax: (415) 433-3883<br><br>**Attorneys for Defendants**<br>**CENTRAL STATES INDEMNITY CO.**<br>**OF OMAHA and CSI PROCESSING,**<br>**LLC** |

✕ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California in sealed envelopes with postage fully prepaid.

¨ **(BY HAND)** By placing the documents in an envelope or package addressed to the persons listed above and providing them to a professional messenger service for delivery.

¨ **(BY FEDERAL EXPRESS)** By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

¨ **(BY EXPRESS MAIL)** By placing the above documents in the United States mail for Express Mail delivery at One Embarcadero Center, Suite 2600, San Francisco, CA 94111, in a sealed envelope addressed as above, with Express Mail postage thereon fully prepaid.

¨ **(BY FAX)** By use of facsimile machine telephone number (415) 956-0439, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in San Francisco, California, on May 30, 2008.

/s/ *Marilyn C. Li*
Marilyn C. Li