CHAVEZ & GERTLER, LLP
MARK A. CHAVEZ (Bar No. 90858)
NANCE F. BECKER (Bar No. 99292)
42 Miller Avenue
Mill Valley, California 94941
Telephone: (415) 381-5599
Facsimile: (415) 381-5572
Email: nance@chavezgertler.com

ALAN R. BRAYTON (Bar No. 73685)
PETER B. FREDMAN (Bar No. 189097)
CHARLOTTE E. SCOTT, (Bar No. 225581)
BRAYTON PURCELL LLP
222 Rush Landing Road
Novato, California 94948-6169
Telephone: (415) 898-1555
Facsimile: (415) 898-1247
Email: pfredman@braytonlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KECK,<br>Individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, a Delaware Corporation; CENTRAL STATES INDEMNITY CO. OF OMAHA, a Nebraska Corporation; CSI PROCESSING, LLC, a Nebraska Company, TRG CUSTOMER SOLUTIONS, INC. d/b/a/ TELESPRECTRUM,<br><br>Defendants. | Case No.: CV 08-1219 CRB<br><br>**CLASS ACTION**<br><br>**UPDATED 7/1/08<br>JOINT CASE MANAGEMENT<br>CONFERENCE STATEMENT**<br><br>Date: July 7, 2008<br>Time: 8:30 a.m.<br>Courtroom 8 |

1. **Introduction:**

This case involves alleged wrongful telemarketing practices by Bank of America ("BOA") and its telemarketing agents in connection with the sale of debt cancellation contracts to BOA credit card customers. Plaintiff David Keck alleges that defendants engaged in unlawful telemarketing practices which invaded his privacy and resulted in unauthorized charges to his credit card account. Telemarketer TRG Customer Solutions, Inc. ("TRG") recorded portions of the telemarketing transaction, and the transcript is incorporated into plaintiff's complaint herein. Defendants deny plaintiff's allegations.

The parties filed their initial Joint Case Management Statement on May 30, 2008. This Statement updates the Court on developments since then.

2. **Jurisdiction and Service:**

Plaintiff added TRG as a defendant and served it effective June 16, 2008. TRG has not yet appeared, but has agreed to participate in this case management conference through its counsel.

On June 30, 2008, BOA associated in additional counsel, and plaintiff stipulated that BOA could file an amended answer.

3. **Motions:**

**Prior motion:** The Court granted in part and denied in part BOA's Motion to Dismiss on April 15, 2008.

**Anticipated motions:** Class Certification, then defendants' dispositive motions.

4. **Update to Disclosures:** The original parties have completed initial Rule 26 disclosures and exchanges, and will provide the same to TRG upon request. A date needs to be set for TRG's Rule 26 disclosure and exchange.

5. **Update to Discovery:**

**Plaintiff's Statement:** Plaintiff has reviewed various documents produced by BOA, including the telemarketing scripts and debt cancellation product program guides. Plaintiff anticipates pre-certification discovery aimed at discovering and establishing the nature and scope of the BOA debt cancellation product programs; how they function within BOA and through third

parties; the amount and flow of revenues from these programs to the various defendants; and the identity of and complaints by absent class members. Plaintiff will also seek to review audio recordings of other telemarketing calls made on behalf of BOA to sell debt cancellation products.

**Defendants' Statement:** Defendants intend to take plaintiff Keck's deposition and to request production of all his relevant documents within the next 60 days. Defendants may, thereafter, serve contention interrogatories.

6. **Settlement and ADR:**

The parties have agreed to, and the Court has ordered, private mediation through JAMS prior to the filing of the motion for class certification. The parties expect to complete ADR by the end of October, 2008.

7. **Scheduling:**

The parties request that the Court at this time schedule a date for completion of ADR and for the briefing and hearing of plaintiff's motion for class certification, and that the schedule for completion of discovery and trial be set at a subsequent Case Management Conference following the Court's decision whether or not to certify the class. In order to allow sufficient time for discovery and settlement discussions, the parties propose the following dates:

| | |
|---|---|
| Completion of ADR: | October 31, 2008 |
| Plaintiff to file motion for class cert: | January 12, 2009 |
| Defendants' opposition, | |
|    If no expert testimony: | February 2, 2009 |
|    With expert testimony: | March 2, 2009 |
| Plaintiff's reply, | |
|    If no expert testimony: | February 16, 2009 |
|    With expert testimony: | March 16, 2009 |
| Hearing on class cert, | |
|    If no expert testimony: | March 13, 2009 |
|    With expert testimony: | April 3, 2009 |

8. **Disclosure of Non-Party Interested Entities or Persons** (Civil Local Rule 3-16):

This information has been received from all defendants except TRG.

9. **Other Matters:** The parties are unaware of any other matters which need to be addressed at this time.

DATED: July 1, 2008

CHAVEZ & GERTLER LLP
BRAYTON PURCELL LLP

By: /s/ Nance F. Becker
Nance F. Becker
Attorneys for Plaintiff David Keck

SHARTSIS FRIESE LLP

By: /s/ Robert Ward
Robert Ward
Attorneys for TRG Customer Solutions, Inc. d/b/a Telespectrum

SEVERSON & WERSON, a professional corp.
KELLEY DRYE & WARREN LLP

By: /s/ Jan T. Chilton
Jan T. Chilton
Attorneys for Defendant Bank of America, N.A.

TOBIN & TOBIN

By: /s/ Paul E. Gaspari
Paul E. Gaspari
Attorneys for Defendants Central States Indemnity Co. of Omaha and CSI Processing LLC

### ECF Certification

I, Nance F. Becker, certify that concurrence in the filing of the Case Management Statement has been obtained from Jan T. Chilton, Robert Ward, and Paul E. Gaspari on behalf of Defendants.

Dated: July 1, 2008

CHAVEZ & GERTLER LLP

By: /s/ Nance F. Becker
Nance F. Becker