MARK JOSEPH KENNEY (State Bar No. 87345)
mjk@severson.com
JAN T. CHILTON (State Bar No. 47582)
jtc@severson.com
JOSHUA E. WHITEHAIR (State Bar No. 244900)
jew@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

THOMAS E. GILBERTSEN, *pro haec vice*
tgilbertsen@kelleydrye.com
KELLEY DRYE & WARREN LLP
3050 K Street N.W.
Washington, D.C.  20007
Telephone:  202.342.8505
Facsimile:  202.342.8451

Attorneys for Defendant
Bank of America, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID KECK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, a Delaware Corporation; CENTRAL STATES INDEMNITY CO. OF OMAHA, a Nebraska Corporation; CSI PROCESSING, LLC, a Nebraska Company, and DOES 1 through 100,<br><br>Defendants. | Case No.:  CV 08-1219 CRB<br><br>PUTATIVE CLASS ACTION<br><br>**BANK OF AMERICA, N.A.'S AMENDED ANSWER TO SECOND AMENDED COMPLAINT** |

Bank of America, N.A. ("BofA") submits its amended answer to the second amended complaint, and answers as follows:

1.     BofA denies that "Business Card Security" ("BCS"), which was offered to plaintiff David Keck's ("Keck") business, Basemaps International, was "insurance or insurance-like." BofA denies that BCS is offered to all "Bank of America credit card customers." BofA affirma-

tively alleges that BCS is a debt cancellation provision offered to guarantors in connection with small business credit card accounts. BofA admits the other allegations in paragraph 1.

2. BofA denies that the BCS offered to Basemaps International was named "Payment Protection." BofA further denies that BCS "pays" any debt, and affirmatively alleges that BCS cancels amounts otherwise payable under the business credit cardholder's agreement upon the occurrence of certain events, including business interruption, disability, or involuntary unemployment. BofA denies the remaining allegations of paragraph 2.

3. BofA denies that it engages in the wrongful practices named in paragraph 3 and lacks knowledge or information sufficient to form a belief about why Keck brings this suit, and therefore denies that part of paragraph 3.

4. BofA admits the allegations of paragraph 4.

5. BofA admits that Bank of America Corporation is a Delaware corporation, but denies that Bank of America Corporation has anything to do with the transactions on which Keck sues. BofA affirmatively alleges that it is a national banking association formed under the National Bank Act with its main office in North Carolina, that it is a subsidiary of Bank of America Corporation, and that Keck guaranteed a business credit card account with BofA, not with Bank of America Corporation, for a business named Basemaps International.

6. BofA admits that Central States Indemnity Co. of Omaha ("CSI") is a Nebraska corporation doing business in San Francisco. BofA denies the remaining allegations of paragraph 6.

7. BofA admits that CSI Processing, LLC ("CSI Processing") is a Nebraska limited liability company registered to do business in California. BofA denies the remaining allegations of paragraph 7.

8. BofA lacks knowledge or information sufficient to form a belief about why Keck brings this suit, and therefore denies that part of paragraph 8. BofA denies the remaining allegations of paragraph 8.

9. BofA denies the allegations of paragraph 9.

10. BofA admits the allegations of paragraph 10.

11. BofA admits that venue is proper in this Court. BofA denies the remaining allegations of paragraph 11.

12. BofA admits that paragraph 12 correctly quotes some statements which appear on CSI's website. BofA further admits that "www.csi-omaha.com/product.htm" and "www.csi-omaha.com/sales.htm" are links to CSI's website. BofA denies the remaining allegations of paragraph 12.

13. BofA admits that CSI Processing is a wholly owned subsidiary of CSI that provides processing and other services to BofA and its small business customers in connection with BCS. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 13, and therefore denies them.

14. BofA admits that BCS is offered to guarantors of its small business credit card accounts by a telemarketer under contract with BofA. BofA denies the remaining allegations of paragraph 14.

15. BofA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15, and therefore denies them.

16. BofA admits that Keck's Social Security benefits were directly deposited into his personal BofA checking account in the summer of 2007. BofA denies that Keck's Social Security benefits were directly deposited into Basemaps International's business credit card account with BofA. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 16, and therefore denies them.

17. BofA lacks knowledge or information sufficient to form a belief about the truth of the allegation that Keck used his business credit card to "borrow for personal and household expenses" and affirmatively alleges that BofA issued a business credit card to Basemaps International for which Keck was and is the guarantor and that Basemaps International's credit card agreement provides that its account is a business account and should be used for business purposes only. BofA admits the remaining allegations of paragraph 17.

18. BofA admits that it maintains some information regarding Basemaps International and Keck and that it uses that information for a variety of valid business purposes, including ex-

tending offers to Basemaps International for goods, services or provisions made available through BofA or its affiliates and associated businesses. BofA denies the remaining allegations of paragraph 18.

19. BofA admits that Keck was offered BCS for Basemaps International's business credit card account in one or more telephone calls in or about July 2007. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 19, and therefore denies them.

20. BofA admits that a recording was made of a telemarketing call to Keck, and that said recording speaks for itself. BofA denies that paragraph 20 sets forth an accurate transcription of that call, and denies that the portion of the call omitted from the Second Amended Complaint is "incomprehensible." BofA denies that it recorded that telephone call.

21. BofA denies the allegations of paragraph 21, but admits that it believed Keck agreed, as guarantor for Basemaps International's business credit card account, to purchase BCS for Basemaps International's business credit card account, and that beginning about August 13, 2007, it charged Basemaps International for BCS at the agreed rate of a monthly sum equal to eighty-five cents ($0.85) per each one-hundred dollars ($100.00) of Basemaps International's outstanding business credit card monthly balance.

22. BofA admits that it charged for BCS on Basemaps International's business credit card account the specific sums on or about the dates listed in paragraph 22. BofA denies the remaining allegations of paragraph 22.

23. BofA admits that Keck complained about BCS and eventually asked that BCS be removed from Basemaps International's business credit card account. BofA affirmatively alleges that in response to Keck's request to remove BCS from Basemaps International's business credit card account and for a return of the amounts charged to that account for BCS, and in reliance on Keck's assurance that doing this would "resolve" his complaints, BofA voluntarily re-credited Basemaps International's business credit card account on December 11, 2007 the full amount charged for BCS, $334.58. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 23, and therefore denies them.

24. BofA admits the allegations of paragraph 24.

25. BofA admits that Keck denies he agreed to purchase BCS for Basemaps International's business credit card account, but affirmatively alleges that he is incorrect.

26. BofA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26, and therefore denies them.

27. BofA denies the allegations of paragraph 27.

28. BofA denies the allegations of paragraph 28.

29. BofA denies that any defendant was subject to the statute or regulation cited in paragraph 29 in offering BCS to Keck as guarantor for Basemaps International's business credit card account. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 29, and therefore denies them.

30. BofA admits the existence of the statute and regulations cited in paragraph 30, but denies that they apply to any defendant in offering BCS to Keck as guarantor for Basemaps International's business credit card account. BofA denies the remaining allegations of paragraph 30.

31. BofA admits the existence of the regulation cited in paragraph 31, but denies that it applies to any defendant in offering BCS to Keck as guarantor for Basemaps International's business credit card account. BofA denies the remaining allegations of paragraph 31.

32. BofA admits that BofA is a national banking association and that the "TCFAPA" and "TSR" do not apply to BofA. BofA denies the remaining allegations of paragraph 32.

33. BofA admits the existence of the regulations cited in paragraph 33, but denies that Basemaps International is a customer thereunder. BofA denies the remaining allegations of paragraph 33.

34. BofA admits the existence of the regulation cited in paragraph 34, but denies that Basemaps International is a customer thereunder. BofA denies the remaining allegations of paragraph 34.

35. BofA admits the existence of the regulations cited in paragraph 35, but denies that Basemaps International is a customer thereunder. BofA denies the remaining allegations of paragraph 35.

36. BofA admits the existence of the regulation cited in paragraph 36, but denies that Basemaps International is a customer thereunder. BofA denies the remaining allegations of paragraph 36.

37. BofA denies that any class may or should be certified in this action. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 37, and therefore denies them.

38. BofA admits that it prepared a script for a telemarketer to use in offering BCS to business credit card guarantors. BofA denies the remaining allegations of paragraph 38.

39. BofA denies the allegations of paragraph 39.

40. BofA admits that the identity of its business credit card customers and the amount and periods of charges to its business credit card customers' accounts are ascertainable through BofA's records. BofA denies the remaining allegations of paragraph 40.

41. BofA denies the allegations in paragraph 41.

42. BofA denies the allegations in paragraph 42.

43. BofA denies the allegations in paragraph 43.

44. Answering paragraph 44, BofA incorporates by reference its responses to paragraphs 1 through 43 above as if fully set forth herein.

45. BofA admits the existence of the statute cited in paragraph 45. BofA denies that it has violated the UCL and further denies the remaining allegations of paragraph 45.

46. BofA denies the allegations of paragraph 46.

47. BofA denies the allegations of paragraph 47.

48. BofA denies the allegations of paragraph 48.

49. BofA denies the allegations of paragraph 49.

50. BofA denies the allegations of paragraph 50.

51. BofA denies the allegations of paragraph 51.

52. BofA denies the allegations of paragraph 52.

53. BofA denies the allegations of paragraph 53.

54. BofA admits that Keck seeks the relief alleged in paragraph 54 but denies that he or putative class members are entitled to it.

55. BofA denies the allegations of paragraph 55.

56. Answering paragraph 56, BofA incorporates by reference its responses to paragraphs 1 through 43 above as if fully set forth herein.

57. BofA admits the existence of the case and statute cited in paragraph 57. BofA denies the remaining allegations in paragraph 57.

58. BofA denies the allegations of paragraph 58.

59. BofA denies the allegations of paragraph 59.

60. BofA denies the allegations of paragraph 60.

61. Answering paragraph 61, BofA incorporates by reference its responses to paragraphs 1 through 52 above as if fully set forth herein.

62. BofA denies the allegations of paragraph 62.

63. BofA denies the allegations of paragraph 63.

64. BofA admits the existence of the statute cited in paragraph 64. BofA denies the remaining allegations of paragraph 64.

65. BofA denies the allegations of paragraph 65.

66. BofA denies the allegations of paragraph 66.

67. BofA denies the allegations of paragraph 67.

68. BofA denies the allegations of paragraph 68.

69. BofA denies the allegations of paragraph 69.

70. Answering paragraph 70, BofA incorporates by reference its responses to paragraphs 1 through 69 above as if fully set forth herein.

71. BofA admits the existence of the statute cited in paragraph 71. BofA denies the remaining allegations of paragraph 71.

72. BofA admits the existence of the statute cited in paragraph 72. BofA denies the remaining allegations of paragraph 72.

73. BofA denies the allegations of paragraph 73.

- 7 -

74. BofA denies the allegations of paragraph 74.

75. BofA denies the allegations of paragraph 75.

76. Answering paragraph 76, BofA incorporates by reference its response to paragraphs 1 through 75 above as if fully set forth herein.

77. BofA denies the allegations of paragraph 77.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to assert one or more of the claims alleged in the Second Amended Complaint.

## THIRD AFFIMATIVE DEFENSE

### (Statute of Limitations)

The Second Amended Complaint asserts individual or putative class claims that are beyond the applicable statutes of limitation.

## FOURTH AFFIRMATIVE DEFENSE

### (Ordinary Course of Business Exemption)

The Second Amended Complaint alleges telephonic monitoring or recording conduct that falls within the ordinary course of business exemption of applicable state and federal law.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel/Waiver)

The Second Amended Complaint alleges conduct to which the named plaintiff and certain putative class members consented, and/or which arose from the acts or omissions on the part of plaintiff and certain putative class members, and plaintiff and/or certain putative class members are thereby estopped and waived any right to assert related claims against BofA.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

The Second Amended Complaint asserts claims for relief that are barred for failure to join one or more indispensable parties in this action, including, without limitation, Basemaps International.

## SEVENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

The claims are barred, in whole or part, because BofA maintains adequate procedures to avoid violating the law, and any conduct found to contradict those procedures was the result of a *bona fide* error.

## EIGHTH AFFIRMATIVE DEFENSE

### (Due Process)

Certification of the alleged class on the basis of statutory damages alone, where no other injuries or economic losses were sustained, violates BofA's constitutional right to due process of law.

## NINTH AFFIRMATIVE DEFENSE

### (Preemption)

The asserted claims are preempted, in whole or part, by federal law including, without limitation, the National Bank Act, 12 U.S.C. § 21, *et seq.*, and regulations promulgated thereunder, and Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. § 2510, *et seq.*

## TENTH AFFIRMATIVE DEFENSE

### (Interstate and Foreign Commerce)

The asserted claims are barred, in whole or part, by the Commerce Clause of the United States Constitution, to the extent they seek to discriminate against interstate and foreign commerce by imposing impermissible burdens on same and regulating matters occurring in states wholly outside of California.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

Plaintiff's claims are barred, in whole or part, by the doctrine of accord and satisfaction.

**TWELTH AFFIRMATIVE DEFENSE**

**(Laches)**

The Second Amended Complaint asserts claims for equitable relief that are barred, in whole or part, by the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

The asserted claims are barred, in whole or part, by the existence of consent, notification, and/or acceptance.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Voluntary Payment)**

The asserted claims are barred, in whole or part, by the fact that the obligations and amounts paid were assumed and paid voluntarily.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

The asserted claims are barred, in whole or part, by the putative class members failure to mitigate damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Contract Terms)**

The asserted claims are barred, in whole or part, by virtue of the terms and provisions of the putative class members' contractual agreements with BofA.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Timely Notify)**

The asserted claims are barred, in whole or part, by the failure to notify BofA of any allegedly unauthorized charges in a timely manner following the mailing of account statements.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Vicarious Liability)

Plaintiff's claims are barred, in whole or part, because BofA cannot be held vicariously liable under California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) for the alleged wrongful conduct of others, including the other defendants.

\* \* \*

BofA reserves the right to assert any and all affirmative defenses and/or additional defenses that may appear or become available during the discovery or other proceedings in this case and hereby reserves the right to amend its Amended Answer to assert any such defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, defendant BofA denies that the plaintiff is entitled to certification of any class, and denies that the plaintiff is entitled to any of the relief requested in his Prayer for Relief.

\* \* \*

BofA requests judgment as follows:

1. Dismiss the Second Amended Complaint with prejudice and/or enter judgment in favor of BofA;

2. That BofA be awarded its costs of suit;

3. Grant such other relief as the Court deems just and appropriate.

DATED: July 2, 2008

SEVERSON & WERSON
A Professional Corporation

KELLEY DRYE & WARREN LLP


By:       /s/ *Jan T. Chilton*
                Jan T. Chilton

Attorneys for Defendant
Bank of America, N.A.

10597/0056/677980.1
DC01/FREES/343547.1

BofA's Amended Answer to 2d Amended Complaint
Case No. CV 08-1219 CRB

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of San Francisco, California; my business address is Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On the date below I served a copy, with all exhibits, of the following document:

**BANK OF AMERICA, N.A.'S AMENDED ANSWER TO SECOND AMENDED COMPLAINT**

on all known interested parties in said case addressed as follows:

| | |
|---|---|
| Alan R. Brayton, Esq.<br>Peter B. Fredman, Esq.<br>Charlotte E. Schott, Esq.<br>Brayton Purcell, LLP<br>222 Rush Landing Road<br>Novato, CA 94948-6169<br>Telephone: (415) 898-1555<br>Fax: (415) 898-1247<br>E-mail: pfredman@braytonlaw.com<br><br>*Attorneys for Plaintiff* | Mark A. Chavez, Esq.<br>Nance F. Becker, Esq.<br>Chavez & Gertler LLP<br>42 Miller Avenue<br>Mill Valley, California 94941<br>Telephone: (415) 381-5599<br>Fax: (415) 381-5572<br>E-mail: mark@chavezgertler.com<br>nance@chavezgertler.com<br><br>*Co-Counsel for Plaintiff* |
| Robert C. Ward<br>SHARTSIS FRIESE LLP<br>One Maritime Plaza, 18th Floor<br>San Francisco, CA 94111<br>Tel: 415-421-6500<br>Fax: 415-421-2922<br>e-mail: rward@sflaw.com<br><br>*Attorneys for Defendant*<br>*TRG CUSTOMER SOLUTIONS, INC. dba TELESPECTRUM* | Paul Edward Gaspari<br>TOBIN & TOBIN<br>500 Sansome Street<br>Eighth Floor<br>San Francisco, CA 94111-3214<br>Tel: 415-433-1400; 415-772-9618<br>Fax: 415-433-3883<br>e-mail: pgaspari@tobinlaw.com<br><br>*Attorneys for Defendants*<br>*CENTRAL STATES INDEMNITY CO. OF OMAHA and CSI PROCESSING, LLC* |
| Thomas E. Gilbertsen, Esq.<br>KELLEY DRYE & WARREN LLP<br>3050 K Street N.W.<br>Washington, D.C. 20007<br>Telephone: (202) 342-8505<br>Fax: (202) 342-8451<br>e-mail: tgilbertsen@kelleydrye.com<br><br>*Co-Counsel for Defendant*<br>*Bank of America, N.A.* | |

Case 3:08-cv-01219-CRB    Document 40    Filed 07/02/2008    Page 13 of 13

1  ý **(BY ELECTRONIC SERVICE)**  Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

4  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  This declaration is executed in San Francisco, California, on July 2, 2008.

/s/ *Marilyn C. Li*

Marilyn C. Li

- 13 -

10597/0056/677980.1
DC01/FREES/343547.1

BofA's Amended Answer to 2d Amended Complaint
Case No. CV 08-1219 CRB