UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KECK, | ) Case No. C 08-01219 CRB |
| Plaintiff, | ) **CLASS ACTION** |
| v. | ) **ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |
| BANK OF AMERICA, a Delaware Corporation; CENTRAL STATES INDEMNITY CO. OF OMAHA, a Nebraska Corporation; CSI PROCESSING LLC, a Nebraska Company; TRG CUSTOMER SOLUTIONS INC. d/b/a TELESPECTRUM, Defendants. | ) **Judge:  Hon. Charles R. Breyer** |

The Court, having reviewed the Settlement Agreement of the parties and the unopposed Motion for Preliminary Approval thereof, ORDERS that the Settlement Agreement between Plaintiff David Keck, individually and as class representative, and Defendants Bank of America and TRG Customer Solutions Inc. d/b/a Telespectrum ("Telespectrum"), is preliminarily approved. The Court further finds that:

1. The members of the Class (defined below) are so numerous that joinder of all members is impracticable;

2. There are questions of law and/or fact common to the Class;

3. The claims of David Keck (the "Representative Plaintiff") are typical of the claims of the Class;

4. The Representative Plaintiff will fairly and adequately protect the interests of the Class;

5. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members;

6. A class action is superior to other available methods for the fair and efficient adjudication of this controversy; and

7. The proposed settlement resulted from arms length negotiations by qualified and competent counsel, assisted by a qualified and competent mediator.

It is, therefore, hereby ORDERED that:

8. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Class defined below is provisionally certified, and is treated as a class for settlement purposes.

9. The Class is defined as "any and all California residents who, from August 01, 2006 to January 15, 2009, (i) were offered and enrolled in Bank of America's Business Card Security ("BCS") plan via one or more outbound telemarketing solicitations, (ii) were charged BCS premiums that were not refunded, and (iii) did not receive BCS benefits." Excluded from the Class is anyone who is an officer, director, or employee of Bank of America or Telespectrum.

1   10. The Court determines that David Keck is an adequate class representative and
2   certifies that David Keck is the Representative of the Class.

3   11. Pursuant to Rule 23(g), the Court finds that Mark A. Chavez and Nance F.
4   Becker of Chavez & Gertler LLP, and Peter B. Fredman, Law Offices of Peter B. Fredman,
5   are adequate Class Counsel, and orders that they have authority to take all appropriate actions
6   in connection with the review, approval implementation and administration of the Settlement.

7   12. The proposed settlement as set forth in the Settlement Agreement executed by
8   the parties is preliminarily approved as fair, reasonable and adequate, subject to a hearing as
9   provided herein for final approval.

10  13. The Representative Plaintiff and all members of the Class are barred and
11  enjoined from bringing or continuing to prosecute any claim, action or cause of action against
12  any of the Defendants relating to the matters that will be released under the Settlement
13  Agreement, unless he or she opts out of the Class pursuant to the procedures set forth below.

14  14. Pursuant to the terms of the Settlement Agreement, Bank of America shall,
15  within sixty (60) days of the entry of this Order, identify the class members and mail to each
16  of them, by prepaid first class U.S. Mail, the Class Notice exhibited hereto.  The Court finds
17  that mailed notice is the best practicable method of notice that is reasonably calculated to
18  apprise Class members of the Settlement Agreement and their rights.  If any Class Notice is
19  returned by the Postal Service as undeliverable, Bank of America shall perform an address
20  check and remail the Class Notice to any subsequently obtained address.

21  15. A hearing ("Final Approval Hearing") is hereby set for _____July 10___, 2009
22  at 10:00 a.m. in Courtroom 8 of the United States Courthouse, 450 Golden Gate Avenue, San
23  Francisco, California, to determine whether the proposed Settlement is fair, reasonable and
24  adequate and should be finally approved, and to consider an award of reasonable attorneys'
25  fees and expenses and an incentive award to the Representative Plaintiff.  All memoranda,
26  affidavits, declarations and other evidence in support of the request for final approval of the
27  Settlement and Class Counsel's request for approval of attorneys' fees, costs and
28

1   reimbursement of expenses shall be filed no later than seven (7) calendar days prior to the
2   Final Approval Hearing.
3       16.    Each Class Member who wishes to exclude himself/herself from the Class must
4   submit an appropriate written request for exclusion, including his/her name, address and
5   telephone number and a statement that s/he wishes to be excluded from the settlement class in
6   this action, to Mark A. Chavez, Chavez & Gertler LLP, 42 Miller Ave., Mill Valley, CA
7   94941.  The request must be sent by first class mail postmarked no later than 20 days before
8   the Final Approval Hearing.  No Class Member, or any person acting on behalf of or in
9   concert or participation with that Class Member, may exclude any other Class Member from
10  the Class.  The original requests for exclusion shall be filed with the Court by Plaintiffs'
11  Counsel at or before the Final Approval Hearing.  If the proposed settlement is approved, any
12  and all Class Members who have not submitted a timely, written request for exclusion from
13  the Class shall be bound by all proceedings, orders and judgments in this action.
14      19.    Any Class Member who has not filed a timely written request for exclusion and
15  who wishes to object to the fairness, reasonableness or adequacy of the Settlement
16  Agreement, or to the award of Attorneys' Fees and Expenses, must deliver to Plaintiffs'
17  Counsel and Defendants' Counsel and file with the Court, no later than 20 days before the
18  Final Approval Hearing, a statement of his/her objection, as well as each and every specific
19  reason, if any, for each objection, including all legal support the Class Member wishes to
20  bring to the Court's attention and any evidence the Class Member wishes to introduce in
21  support of the objection.  Class Members may so object either on their own or through an
22  attorney hired at their own expense.
23      20.    If a Class Member hires an attorney to represent him/her, the attorney must (i)
24  file a notice of appearance with the Clerk of Court no later than 20 days before the Final
25  Approval Hearing, or as the Court may otherwise direct, and (ii) deliver to Plaintiffs' Counsel
26  and Defendants' Counsel not later than 20 days before the Fairness Hearing a copy of the
27  same. Defendants' Counsel for these purposes shall be:  Thomas E. Gilbertsen, Kelley Drye
28  & Warren LLP, 3050 K Street, NW, Suite 400, Washington, DC 20007.

21.     This Order shall not be construed or deemed to be a finding of this Court or evidence of a presumption, implication, concession or admission by Defendants, or either of them, concerning (i) any liability, fault or wrongdoing by Defendants; (ii) the appropriateness of any measure of alleged loss or damages; or (iii) the appropriateness of class certification for any purposes other than settlement.  If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.  In that event, upon notice of one or more Parties of the termination or failure to consummate the Settlement, this Order shall be vacated, the certification shall be dissolved *ab initio,* and all of the *status quo ante* rights of the Parties shall be restored including, but not limited to, Defendants' rights to oppose certification of a class and/or the merits of Plaintiffs' claims on any grounds, legal or equitable.

IT IS SO ORDERED.

DATED:         _March 26, 2009_____

_____
The Honorable Charles R. Breyer
UNITED STATES DISTRICT JUDGE

*(Seal: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — "IT IS SO ORDERED" — Judge Charles R. Breyer)*